■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT F. CASEY, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from an order of the Supreme Court, Dutchess County, entered March 23, 1962 after a hearing, which dismissed the writ and remanded him to the custody of respondent. Order affirmed. No opinion. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR SPINNEY, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Stormville, Respondent.— Consolidated appeals by relator from two orders of the Supreme Court, Dutchess County, dated respectively March 14, 1962 and April 11, 1962, which dismissed writs of habeas corpus and remanded relator to the custody of respondent. Order dated March 14, 1962 affirmed. Relator's application was based upon the claim that there was no compliance with section 480 of the Code of Criminal Procedure at the time of his sentence. In support of that contention, he submitted a transcript of the stenographic minutes of the sentencing, which contain no affirmative showing of the allocution required by section 480. It also appears, however, that at the time of sentencing relator was represented by retained counsel who made a plea for leniency, and that the Clerk's minutes indicate that the question required by section 480 was addressed to the relator. Under such circumstances, we are of the opinion that relator failed to sustain the burden of overcoming the presumption of regularity of official proceedings and of establishing that there was no compliance with section 480 of the Code of Criminal Procedure. Order dated April 11, 1962 affirmed. The same arguments which were presented by relator in the instant proceeding were presented by him in a prior habeas corpus application in the Supreme Court, Cayuga County. The dismissal of the writ in that proceeding was affirmed by the Appellate Division of the Fourth Department (People ex rel. Spinney v. Murphy, 4 A D 2d 1004). A similar question was also passed upon by this court in People v. Spinney (279 App. Div. 1031). This court should not be called upon to deal anew with the same questions (People ex rel. Pannone v. Fay, 16 A D 2d 946, motion for leave to appeal denied 12 N Y 2d 642). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.