THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALICE SCHLESINGER on Behalf of GEORGE KYRIMES, Respondent, *v.* ALBERT GLICK, as Warden of the Men's House of Detention, Appellant.

First Department, December 23, 1971.

*Lewis R. Friedman* of counsel (*Michael R. Juviler* and *Hugh Anthony Levine* with him on the brief; *Frank S. Hogan, District Attorney*), for appellant.

*Julia P. Heit* of counsel (*Robert Kasanof,* attorney), for respondent.

MURPHY, J. Petitioner was brought to trial on charges of robbery, first degree. On the second day of the trial the case was submitted to the jury. At about 11:00 P.M. that night, after approximately 12½ hours of deliberation, the jury, not having agreed, was discharged by the court and the defendant remanded for a new trial.

Thereafter, petitioner-respondent by writ of habeas corpus sought his discharge. The writ of habeas corpus was sustained in that the discharge of the jury by the court was improper, was done without the consent of counsel, and that the petitioner cannot be retried without subjecting him to double jeopardy. It is this judgment which sustains the writ that is the subject of this appeal.

At the time of the trial the conditions under which a jury could be discharged before agreement were set forth in subdivision 2 of section 428 of the Code of Criminal Procedure which reads as follows: "When after the lapse of such time as shall seem reasonable to the court, they shall declare themselves unable to agree upon a verdict".

At the time of discharge by the court, the jury was not asked nor did they state that they were unable to agree.

The court did inquire if they had reached a verdict. The answer was no. The court then stated: "It is now seven minutes after eleven. You have been deliberating for over twelve hours. You are excused at this time. Please report back to the central jury room at 10 o'clock tomorrow morning. The Court declares a mistrial."

In the case of *People ex rel. Stabile* v. *Warden of City Prison* (202 N. Y. 138, 149–150) the court stated: "From the plain language of the statute itself it appears that it was not the intention of the legislature to permit the court to exercise discretion in discharging a jury at any point of time prior to a declaration by them of their inability to agree. If the statute means that the court has the right in its discretion to discharge a jury at any

time before it has agreed, then the last clause of subdivision 2 of the section quoted is meaningless.   *   *   *

"We repeat that our statute is plain.   *   *   *   It was intended to take away the unqualified discretion that had theretofore existed in the courts in regard to discharging a jury and make the discretion of the courts dependent upon a prior declaration by the jury of their ability or inability to agree." To the same effect is *Matter of Adamo* v. *Justices of Sup. Ct.* (28 A D 2d 653).

Clearly, then, the discharge of the jury without the consent of the defendant, although well intentioned, was violative of the statute and in effect was an acquittal of the relator. Accordingly, the judgment should be affirmed.

McGivern, J. (concurring). I concur, primarily because the demand of subdivision 2 of section 428 of the Code of Criminal Procedure here applicable was not fulfilled by the court. This section requires that the jury " shall declare themselves unable to agree upon a verdict." This language, fixed by the Legislature, has rigidity, and has been declared not changeable by the courts. (*People ex rel. Stabile* v. *Warden of City Prison,* 202 N. Y. 138; *People ex rel. Luetje* v. *Ketcham,* 45 Misc 2d 802 [Sup. Ct., Nassau County, 1965].) If the statute under review was partly couched in an "inadvertent expression," as intimated by the dissent, it is not the prerogative of the courts " to correct supposed errors, omissions or defects in legislation." (*Triborough Bridge & Tunnel Auth.* v. *Crystal & Son,* 2 A D 2d 37, 41, affd. 2 N Y 2d 961, 963). Only by legislative amendment, such as is now to be found in CPL 310.60 (subd. 1, par. [a]) not here applicable, which replaces section 428 of the code, could the required declaration of the jury be eliminated.

Further, I believe a second trial, following an improperly declared mistrial, runs afoul of the " double jeopardy " prohibition. The second trial forces the defendant to run the gauntlet again, but at a time when all the advantage has passed to the prosecutor, as he (the prosecutor) will be indubitably more prescient the second time around. (See A. C. Stream, Double Jeopardy Clause of the Fifth Amendment — A Case for Acquittal by Hung Jury, N. Y. L. J., Oct. 2, 1970, p. 1.) And it may be noted that in a recent case, the Supreme Court of the United States upheld the ruling of the United States District Court of Utah that a defendant had been placed in double jeopardy by a second trial for the same offense held following a declaration of a mistrial by the Trial Judge. (*United States* v. *Jorn,* 400 U. S. 470.) Speaking for the court, Justice Harlan said (p. 483):

" Reprosecution after a mistrial has unnecessarily been declared by the trial court obviously subjects the defendant to the same personal strain and insecurity regardless of the motivation underlying the trial judge's action."

CAPOZZOLI, J. P. (concurring). The only reason why I vote to affirm is because the Court of Appeals has specifically stated in clear and direct language that the trial court has no unqualified discretion in regard to discharging a jury. Its discretion depends " upon a prior declaration by the jury of their ability or inability to agree." (*People ex rel. Stabile* v. *Warden of City Prison,* 202 N. Y. 138, 150).

Whether the Court of Appeals would now prefer a less stringent procedure and reject its earlier position because it would " elevate the question to the rank of a magic formula " as is stated by the dissent, is for that court to decide and not us.

STEUER, J. (dissenting). We dissent and would reverse and dismiss the writ.

The petitioner was brought to trial on June 18, 1971, on an indictment charging robbery in the first degree. The entire trial up to submission to the jury took less than the time of one full court day. The case was submitted to the jury at 10:32 in the morning of June 23. At 11:07 P.M., the jury not having agreed, they were discharged by the court.

This writ seeks the discharge of the petitioner. We do not understand that it is petitioner's claim that if a single juror fails to be convinced of his guilt he is entitled to be discharged because otherwise he would be put in jeopardy for a second time. Nor do we understand that this is a correct statement of the law. Rather, we understand that petitioner's position is that if the court discharges the jury prematurely before they have either agreed or indicated an impossibility to come to agreement, this result is mandated. With this proposition we agree. The narrow area between our views and the petitioner's claim, indorsed by Special Term and a majority of this court, is whether the trial court was correct in his determination that the jury did in fact show an inability to come to unanimous agreement.

The majority view is that there is a statutory formula for determining the jury's intent, namely, subdivision 2 of section 428 of the Code of Criminal Procedure, then in effect. The section provides two tests for discharge of a jury: the lapse of a reasonable time and that the jury " shall declare themselves unable to agree upon a verdict." It cannot be, and in fact is not, argued that the jury had not deliberated a reasonable length of time. Nor can it be argued that the record does not establish

with clarity that the jurors would not reach a verdict. The situation is clearly revealed by the colloquies between the court and several individual jurors to the effect that one juror was holding out and was not going to be convinced by argument. True, the court did not put to them the precise question of whether they would be unable to agree. It would have been more fortunate had he done so, but the only real consequence of the failure is to elevate the question to the rank of a magic formula — regardless of the factual situation, the talisman becomes the law.

The result is seen to be improper as representing the legislative intent. In the present CPL 310.60 (subd. 1, par. [a]) the test is deliberation for an extensive period of time and the court being satisfied that agreement is unlikely within a reasonable period. As there is no indication that any radical change was intended, it is submitted that the new wording merely clarified the original intent, namely, that when to discharge the jury was in the discretion of the court (*People* v. *Rial*, 25 A D 2d 28), and the supposed limitation on that discretion was the consequence of inadvertent expression.

The judgment granting the writ should be reversed and the writ dismissed.

CAPOZZOLI, J. P., and McGIVERN, J., concur with MURPHY, J., in separate opinions; STEUER, J., dissents in an opinion in which EAGER J., concurs.

Judgment, Supreme Court, New York County, entered on October 21, 1971, affirmed.