■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN FOWLER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 15, 1973, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, Acting P. J., Martuscello, Christ and Brennan, JJ., concur; Hopkins, J. (concurring). The defendant was convicted of robbery in the first degree after a jury trial. He urges several grounds for reversal, only one of which I consider here. He contends that he has been subjected to double jeopardy because the court discharged the jury at a prior trial after less than five hours of deliberation. He points out that the statute provides that a jury may be discharged only where it "has deliberated for an extensive period of time without agreeing upon a verdict * * * and the court is satisfied that any such agreement is unlikely within a reasonable time" (CPL 310.60, subd 1, par [a]). Here, he submits, the jury did not deliberate an extensive period of time; the court did no more, before discharging the jury, than accept the foreman's word that a continuation of deliberations would not result in a verdict. I do not reach the merits of this claim. It appears that, after the first trial, defendant applied to this court for habeas corpus relief on the ground of double jeopardy; that application was dismissed because of a technical defect. Defendant then sought habeas corpus relief in the Supreme Court, Kings County, on the same ground; a hearing was held, and the writ was dismissed, the court finding that double jeopardy would not occur if defendant were tried a second time. That determination was reviewed by this court by a second writ, issued upon application of defendant, and we dismissed the writ. Defendant was then tried a second time; this appeal is taken from the resulting conviction. Under the circumstances, it is apparent that the claim of double jeopardy arising from the discharge of the jury at the first trial has already been decided by this court. A claim of double jeopardy is properly raised by habeas corpus (People ex rel. Schlesinger v Glick, 38 AD2d 35, app dismd 29 NY2d 914). The question is whether the claim can be again raised by direct appeal. At common law, res judicata was not doctrinally a bar to successive petitions in habeas corpus proceedings (People ex rel. Lawrence v Brady, 56 NY 182, 191–192; cf. Sanders v United States, 373 US 1). Certainly, both by logic and constitutional right, habeas corpus applications on differing grounds should not be denied because the first failed. Certainly, too, relitigation of the same claim made on previous occasions either by direct appeal or by habeas corpus should not be countenanced; this principle of the conservation of judicial time has been adopted as a controlling factor by recent decisions (Matter of Roberts v County Ct. of Wyoming County, 39 AD2d 246, 252, affd 34 NY2d 246; People ex rel. Gonzalez v Deegan, 29 AD2d 865; People ex rel. Spinney v Fay, 18 AD2d 722; cf. Neil v Biggers, 409 US 188, 191; United States v Fischer, 381 F2d 509, cert den 390 US 973; Juelich v United States, 475 F2d 788). No valid distinction in result can be drawn dependent upon whether the determination is made originally in the direct appeal or in a habeas corpus proceeding; the sole inquiry should be whether the issue at hand was fully and fairly presented to the court and a decision reached. In this sense it matters not that the strictures inherent in res judicata or collateral estoppel are enforced against the defendant; the court, in its discretion, might find it necessary or desirable to consider anew the claim advanced a second time by a defendant. In this case I find nothing which impels me to reconsider the determination made by this court; the

facts now presented by defendant are the same as before; no different legal arguments have been pressed upon us. Accordingly, I concur in the affirmance of the judgment.