THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWIN C. PENDLETON, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Appellant.

Fourth Department, November 5, 1976

*Louis J. Lefkowitz, Attorney-General (Lauren Wixson* and *Michael G. Wolfgang* of counsel), for appellant.

*Thomas G. Presutti (Christopher J. Enos* of counsel), for respondent.

WITMER, J. The Superintendent of the Attica Correctional Facility appeals from a judgment of Wyoming County Court granting relator's petition for a writ of habeas corpus and directing appellant to discharge him from custody, on the ground that relator's retrial and conviction after our reversal

of the trial order of dismissal violated his constitutional right not to be subjected to double jeopardy.

Appellant contends that (1) habeas corpus is not the proper remedy where an appeal from the judgment of conviction is pending; (2) relator waived the defense of double jeopardy by failing to raise it until after entry of final judgment following his retrial; and (3) relator's constitutional right to be free from double jeopardy was not violated by his retrial following our reversal (42 AD2d 144) of a trial order of dismissal.

Relator was indicted for the crime of murder in violation of subdivision 1 of section 125.25 of the Penal Law and charged with causing the death of his wife. A jury trial was commenced on January 17, 1973. At the close of the People's case, relator moved pursuant to CPL 290.10 (subd 1) for a trial order of dismissal. The court granted the motion on the ground that the evidence adduced by the People, apart from defendant's confession of the slaying, was insufficient corroboration to present a question of fact as to whether the deceased died as a result of a criminal act (CPL 60.50).

The People appealed from the trial order of dismissal, pursuant to CPL 450.20 (subd 2). In a decision dated July 6, 1973, we ruled that the evidence was sufficient to present a question of fact to the jury as to whether relator caused his wife's death, and we ordered that the order of dismissal be reversed and the indictment be reinstated (*People v Pendleton,* 42 AD2d 144). Relator's appeal from our order was dismissed by the Court of Appeals on October 7, 1974, on the ground that the order was nonfinal and not appealable (CPL 450.90, subd 2, par [a]; *People v Pendleton,* 35 NY2d 690). It is interesting to note that in that appeal to the Court of Appeals, relator claimed that a retrial would constitute double jeopardy; but the court still declined to hear the appeal, consistent with its decision in *People v Sabella* (35 NY2d 158), rendered two months earlier, in which it upheld CPL 450.20 (subd 2).

The retrial of relator commenced on December 9, 1974. The jury rendered a verdict convicting relator of manslaughter in the first degree (Penal Law, § 125.20), and on January 27, 1975 relator was sentenced to an indeterminate term with a minimum of 5 years and a maximum of 15 years. On that same day relator filed a notice of appeal from that judgment of the Wayne County Court. On February 25, 1975 the United States Supreme Court decided *United States v Jenkins* (420 US 358), barring on grounds of double jeopardy the retrial of a defend-

ant whose first trial ended in a dismissal of the indictment before any verdict had been rendered against him.

This proceeding was commenced by relator by issuance of a writ of habeas corpus on March 21, 1975. Relator's appeal to this court from the judgment of conviction of January 27, 1975 upon the second trial is still pending.

Appellant's contentions are considered in the order above stated:

(1) That habeas corpus is not a proper remedy where an appeal from the judgment of conviction is pending. Relator commenced this habeas corpus proceeding almost two months after the notice of appeal was filed and has not prosecuted that appeal. Appellant contends that under these circumstances habeas corpus is improper and should not be utilized.

"[W]here review of a mere error, allegedly committed at the trial, is sought * * * the writ may not be utilized as a substitute for appeal or to again review the errors already passed on in an earlier appeal" (*People ex rel. Keitt v McMann,* 18 NY2d 257, 262). If no reason of practicality or necessity is asserted by the relator to justify review of the judgment of conviction by habeas corpus while relator's appeal from the judgment is pending, the writ should be dismissed (*People ex rel. Finney v Follette,* 37 AD2d 575; *People ex rel. Bray v Deegan,* 32 AD2d 940; *People ex rel. Blyden v Denno,* 28 AD2d 683).

In this proceeding relator is not seeking review of a mere error allegedly committed at the trial. Rather, he has asserted a constitutional claim which, if valid, would render his conviction invalid. "[S]ince relator is complaining that he is being incarcerated pursuant to a judgment of conviction which contains a deprivation of a substantial constitutional right on the face of the record, and since, if the claim is substantiated, his imprisonment would be illegal * * * habeas corpus is the proper remedy in these circumstances" (*People ex rel Keitt v McMann,* 18 NY2d 257, 263). Thus, it is of no consequence, contrary to appellant's contention, that relator had other alternatives available by way of appeal, including application for a stay pending appeal. Solely at issue in this proceeding is the legality of relator's conviction and incarceration, based upon his argument of double jeopardy, an issue which exists apart from any alleged error committed at trial. Indeed, since relator did not raise the issue of double jeopardy upon his retrial, the appeal as such from the judgment of conviction

would not present that issue. It cannot be said that the writ has been utilized as a substitute for appeal under these circumstances. Habeas corpus is the proper remedy to raise the question of double jeopardy *(People ex rel. Stabile v Warden of City Prison,* 202 NY 138; *People v Fowler,* 48 AD2d 884; *People ex rel. Schlesinger v Glick,* 68 Misc 2d 171, affd 38 AD2d 35), and so it is available to relator at this time.

(2) That relator waived the defense of double jeopardy by failing to raise it prior to the entry of the final judgment of conviction following his retrial. Relator contends that there was little reason for him to believe that CPL 450.20 (subd 2) (the authority for the People to appeal from a trial order of dismissal) was unconstitutional until after he was sentenced, when the United States Supreme Court issued its decisions in *United States v Jenkins* (420 US 358, *supra)* and *United States v Wilson* (420 US 332). In support of this contention relator refers to the facts, above stated, of the People's successful appeal from the trial court's dismissal of the indictment; the Court of Appeals' refusal to entertain his appeal from our order reinstating the indictment, despite the argument in his brief that reinstatement of the indictment subjected him to double jeopardy; and that prior to that refusal the Court of Appeals, in *People v Sabella* (35 NY2d 158, decided July 11, 1974), had reached the question and had held that the People may appeal from a trial order of dismissal pursuant to CPL 450.20 (subd 2) where the trial court has dismissed "a charge on the ground that the evidence produced at trial is insufficient as a matter of law" (35 NY2d, at p 160). In *Sabella (supra),* the trial court had granted judgment of acquittal on the merits, and the Court of Appeals held that to permit the People to appeal from a dismissal *on the merits* after a motion for acquittal "poses a threat to the defendant's right not to be placed twice in jeopardy for the same offense" (35 NY2d, at p 166). However, with respect to *People v Fellman* (35 NY2d 158) the court explicitly held that a dismissal on the law on the ground of the legal insufficiency of the evidence was appealable by the People (pp 167-169). Thus, at the time of relator's retrial, New York law was clearly to the effect that the retrial did not violate relator's constitutional right not to be twice placed in jeopardy for the same offense.

The propriety of *Fellman (supra)* remained unchallenged until February 25, 1975 when, as above noted, the United

States Supreme Court, in *United States v Jenkins* (420 US 358, 365, *supra)* and in *United States v Wilson* (420 US 332, 344-345, 352-353, *supra)* ruled that the double jeopardy clause of the Fifth Amendment of the United States Constitution prohibits an appeal by the Government where a retrial would be required in the event the Government was successful in its appeal. As a result of these Supreme Court decisions, in *People v Brown* (40 NY2d 381, 382–383) the Court of Appeals overruled its decision in *Fellman (supra)* and held that CPL 450.20 (subd 2) "providing that the People may appeal a trial order of dismissal entered pursuant to CPL 290.10 is unconstitutional as violative of the right not to be placed twice in jeopardy for the same offense * * * if 'further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged, would have been required upon reversal and remand'. *(United States v Jenkins,* 420 US 358, 370.)"

It is true, as appellant contends, "that the constitutional immunity from double jeopardy is a personal right which if not timely interposed at trial may be waived" *(People v La Ruffa,* 37 NY2d 58, 60-61; see, also, *People v Lynch,* 40 AD2d 856; *People ex rel. Hetenyi v Johnson,* 10 AD2d 121, 124-125, app dsmd 8 NY2d 913) and that where he has reason to know of his rights, a defendant may be held to have waived the right to claim double jeopardy where he has failed to raise the question at his second trial *(People v Allen,* 18 AD2d 840). Nevertheless, the constitutional immunity from double jeopardy is so distinctive that "its practical result is to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of a trial" *(Robinson v Neil,* 409 US 505, 509; see, also, *Blackledge v Perry,* 417 US 21);[1] and in order to establish a waiver of this right the People must demonstrate "an intentional relinquishment or abandonment of a known right or privilege" *(Johnson v Zerbst,* 304 US 458, 464; see, also, *Schneckloth v Bustamonte,* 412 US 218, 237-239).

The cases relied upon by appellant to establish a waiver are distinguishable from the situation found in this case. Either

---

1. Although relief from double jeopardy is often obtained procedurally by use of the writ of prohibition (see *Matter of Martinis v Supreme Ct.,* 20 AD2d 79, revd 15 NY2d 240), after the trial has been had such application is literally bootless and has been deemed an improper procedure for determining a defendant's rights *(Matter of O'Neill v Beisheim,* 39 NY2d 924).

the cases involve a voluntary waiver of the right by reason of a guilty plea *(Tollett v Henderson,* 411 US 258; but cf. *Menna v New York,* 423 US 61) or they involve a voluntary waiver of a known constitutional claim by permitting a second trial without objection (see *Francis v Henderson,* 425 US 536; *Estelle v Williams,* 425 US 501). No legal basis existed for this relator to raise a double jeopardy claim at the second trial, for, as above noted, prior to the second trial the Court of Appeals in *People v Sabella* (35 NY2d 158, *supra)* had explicitly upheld the constitutionality of CPL 450.20 (subd 2) in allowing the People to appeal a trial order of dismissal entered pursuant to CPL 290.10 in the precise situation presented in this case; and it had later dismissed relator's appeal from our order, although he raised the point of double jeopardy. It is true, as appellant argues, that prior to the second trial the *Jenkins* case had been decided by the Second Circuit in support of relator's position *(United States v Jenkins,* 490 F2d 868). The fact remains, however, that at the time of relator's second trial, no double jeopardy claim existed under New York law upon the facts in this case. Relator, therefore, could not have made "an intentional relinquishment or abandonment of a *known* right or privilege" *(Johnson v Zerbst,* 304 US 458, 464; emphasis added), since no such right or privilege existed at that time. Upon the argument before us the Attorney-General virtually conceded this point. A defendant cannot and should not be required to anticipate a drastic change in the law in the face of a recent Court of Appeals decision which is completely contrary to his position. Such a requirement would place an impossible burden on the accused, would continually result in impractical contentions or impermissible waivers of significant constitutional rights, and would be in contravention of the rule of retrospective effect for the constitutional decisions of the United States Supreme Court. In *Robinson v Neil* (409 US 505, *supra),* the court held that constitutional decisions *re* double jeopardy are to be given retroactive effect. *United States v Wilson* (420 US 332, *supra)* and *United States v Jenkins (supra)* were decided by the Supreme Court on February 25, 1975, and the writ of habeas corpus was issued on March 21, 1975, less than a month later. Thus, once the constitutional claim became available to relator, it was expeditiously pursued. Accordingly, upon the facts of this case, the People have failed to establish a waiver by relator of his constitutional immunity from double jeopardy.

(3) Appellant contends that relator's constitutional right to be free from double jeopardy was not violated by his retrial after appellate reversal of a trial order of dismissal. The question of the constitutionality of CPL 450.20 (subd 2), which provides that the People may appeal a trial order of dismissal entered pursuant to CPL 290.10, was finally resolved in *People v Brown* (40 NY2d 381, *supra*). In *Brown,* the court overruled its decision in *People v Fellman* (35 NY2d 158, *supra)* in light of the Supreme Court decisions in *United States v Wilson* (420 US 332, *supra), United States v Jenkins* (420 US 358, *supra)* and *Serfass v United States* (420 US 377).

The double jeopardy rule, as enunciated by the court in *Brown (supra,* p 391) is that the People are precluded "from taking an appeal from an adverse trial ruling whenever such appeal if resolved favorably for the People might require the defendant to stand retrial—or even if it would then be necessary for the trial court 'to make supplemental findings' *(United States v Jenkins,* 420 US 358, 370, *supra).* Double jeopardy principles will bar appeal unless there is available a determination of guilt which without more may be reinstated in the event of a reversal and remand. Application of such rule to the provisions of CPL 450.20 (subd 2) permitting the People to appeal from a trial order of dismissal renders that section unconstitutional except in the instance where disposition of the motion is reserved until after the jury verdict has been returned".

Relator's motion for a trial order of dismissal was made and granted after the People had rested and prior to submission of the case to the jury. The successful appeal by the People, therefore, required the retrial of relator in contravention of the double jeopardy rule enunciated in *Brown,* the *ratio decidendi* of which is controlling herein (see, also, *People v Baker,* 39 NY2d 923).

Appellant also contends that since relator on the first trial elected to avail himself of the statutory provision permitting a trial order of dismissal (CPL 290.10), knowing full well the statutory right of the People to appeal such a ruling (CPL 450.20, subd 2), he should not now be heard to claim that the benefit he received and requested prevents a retrial upon reversal. Relying upon *People v Brooks* (50 AD2d 319), appellant concludes that the appeal by the People from the trial order of dismissal is constitutionally permissible and does not violate the double jeopardy prohibition. The holding in *Brooks,*

however, was expressly disapproved in *People v Brown* (40 NY2d 381, *supra*). Moreover, the motion for an order of dismissal was essentially the same as the pre-existing right of a defendant to move for a directed verdict for insufficiency of the evidence (see *People v Ledwon,* 153 NY 10, 17). This argument, therefore, is without merit.

The effect of this ruling is to place great responsibility on a Trial Judge in considering a motion for a trial order of dismissal. Where it is "a close question", he may be well advised to reserve decision until after the jury has rendered its verdict. If the jury finds the defendant guilty and the court decides that he should have granted the motion, he may then do so, and if he is reversed on appeal, the verdict may be reinstated without infringing upon defendant's constitutional immunity from double jeopardy (see *United States v Wilson,* 420 US 332, *supra;* and *People v Brown,* 40 NY2d 381, 391, 394, *supra*). Since no verdict had been rendered when the trial court granted the trial order of dismissal in this case, defendant was subjected to a new trial in contravention of his constitutional immunity from double jeopardy; and the Wyoming County Court properly granted relator's petition and ordered him discharged from custody.

Accordingly, the judgment appealed from should be affirmed.

Marsh, P. J., Moule, Dillon and Goldman, JJ., concur.

Judgment unanimously affirmed.