■ In the Matter of ROGER W.—Appeal unanimously dismissed. Memorandum: The order appealed from is essentially a trial order of dismissal akin to an order under CPL 290.10. The double jeopardy rule precludes appeal from such an order whenever a reversal would require a retrial or even if it would be necessary for the trial court to make supplemental findings (United States v Jenkins, 420 US 358; People v Brown, 40 NY2d 381, cert den 433 US 913; People ex rel. Pendleton v Smith, 54 AD2d 195, mot for lv to app den 40 NY2d 809). Since principles of double jeopardy are applicable in juvenile proceedings (Breed v Jones, 421 US 519), and since reversal in the instant case would require either a retrial or additional findings, the instant appeal must be dismissed. We note, however, that the court was in error in ruling that the petitioner's status as a peace officer was a material element which needed to be proven, particularly since the

sufficiency of the petition and the status of the petitioner as a police officer were never controverted. The complainant could have been the petitioner and in fact testified to every material element of the transaction. In dismissing the petition on its own motion and without notice to the parties, the court acted improvidently. (Appeal from order of Onondaga County Family Court—juvenile delinquent.) Present—Marsh, P. J., Moule, Cardamone, Denman and Witmer, JJ.