■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEPHEN GIST, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Levine, J.), entered September 9, 1981 in Clinton County, which denied petitioner's application for a writ of habeas corpus, without a hearing. In March, 1977, petitioner was sentenced to an indeterminate term of 15 years to life upon his conviction of murder in the second degree. An appeal filed in the Appellate Division, First Department, has not yet been perfected. On or about August 11, 1981, petitioner applied for a writ of habeas corpus, contending that assigned counsel's failure to perfect the appeal rendered his confinement illegal. To support this contention, petitioner presented an order of the Appellate Division, First Department, which provided that the appeal would be dismissed if not perfected by the September, 1981 term and directed counsel to proceed accordingly. Special Term held that the petition failed to set forth sufficient evidentiary facts as to the status of the appeal and that habeas corpus will not lie if an appeal is pending. This appeal ensued. It is clear that while an appeal is pending, a writ of habeas corpus is available only where considerations of practicality and necessity so dictate (*People ex rel. Keitt v McMann*, 18 NY2d 257, 262; *People ex rel. Greenwaldt v Infante*, 87 AD2d 904). In his brief, petitioner has submitted additional documentary evidence, including a letter dated November 2, 1981 from the Clerk of the Appellate Division, First Department, to the effect his appeal would be placed on the Dismissal Calendar, December 3, 1981, unless perfected beforehand. Nonetheless, factual proof that the appeal has been dismissed remains noticeably absent. Under these circumstances, we find no reasons of practicality and necessity

requiring departure from traditional orderly procedure, and, accordingly, the dismissal of the petition by Special Term was proper (*People ex rel. Gaines v Jones,* 79 AD2d 1065; *People ex rel. Ellis v LeFevre,* 70 AD2d 967). While we do not condone the extensive delay in perfecting the subject appeal, this is not an instance where petitioner has asserted a constitutional claim which, if valid, would render his conviction invalid (cf. *People ex rel. Lee v Smith,* 58 AD2d 987; *People ex rel. Pendleton v Smith,* 54 AD2d 195). Rather, since the appropriate relief would afford petitioner a timely appeal only, and not direct that he be immediately released from custody, habeas corpus is not the proper remedy (*People ex rel. Douglas v Vincent,* 50 NY2d 901, 903). The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.