■ In the Matter of BARRY KIBBE, Appellant, v CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* compel Charles J. Scully, Superintendent of Green Haven Correctional Facility, to recompute petitioner's prison wages and to apply a higher wage scale, retroactive to his arrival at Green Haven Correctional Facility, the appeal is from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), dated July 13, 1982, which, after a hearing, dismissed the proceeding. Judgment affirmed, without costs or disbursements. Although petitioner has apparently failed to exhaust his administrative remedies by appealing the determination of his inmate pay rate, thus rendering this proceeding premature (*Matter of Patterson v Smith,* 53 NY2d 98), it is manifest upon this record that such administrative proceedings would be futile. We note that the guidelines of the Department of Correctional Services provide: "Inmates transferred from one facility to another for reasons *other than 'distribution of population'* will be placed in an assignment position at a grade level determined appropriate by the Program Committee of the receiving facility. Inmates transferred specifically for 'distribution of population' reasons (transfer orders will be so marked) will be continued at a base daily pay scale equal to what he was receiving prior to his move. Inmates transferred for these reasons must maintain a level of program participation equal to the pay in his/her new assignment. Inmates failing to do so should be reviewed and reduced in pay." Having been transferred from Auburn Correctional Facility to Green Haven Correctional Facility for reasons other than distribution of population, petitioner is not entitled to the same rate of pay under Department of Correctional Services payroll guidelines. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.

■ In the Matter of ENDRELL O., Respondent. — In a juvenile delinquency proceeding pursuant to article 7 of the Family Court Act, the petitioner appeals from an order of the Family Court, Queens County (Gartenstein, J.), dated March 24, 1982, which dismissed the petition. Appeal dismissed, without costs or disbursements. After the court suppressed respondent's statements to the police the petitioner rested his case. The court then dismissed the petition pursuant to section 751 of the Family Court Act because appellant had failed to establish the allegations of the petition. That order of dismissal is akin to a trial order of dismissal under CPL 290.10 and constitutes an adjudication on the merits in favor of the accused. The double jeopardy rule, which is applicable in juvenile proceedings (*Breed v Jones,* 421 US 519), prohibits a retrial after such an order is entered (*United States v Jenkins,* 420 US 358; *People v Brown,* 40 NY2d 381, cert den *sub nom. New York v Brown,* 433 US 913). Since reversal of this order can only result in the need for a retrial which is prohibited by the principles of double jeopardy, the instant appeal must be dismissed (*Matter of Roger W.,* 61 AD2d 884). Before resting his case petitioner could have sought permission to appeal from this court pursuant to section 1112 of the Family Court Act from a nondispositional order entered on the decision suppressing respondent's statements to the police. Mollen, P. J., Damiani, Mangano and Gulotta, JJ., concur.