■ In the Matter of BARRY BURKINS, Appellant, v CHARLES SCULLY, as Warden of New York State Department of Correctional Services, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent denying petitioner's grievance concerning an incentive allowance for participation in a prison training program, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Benson, J.), dated October 25, 1983, which dismissed the petition.

Judgment affirmed, without costs or disbursements.

The Department of Correctional Services has promulgated guidelines regulating the incentive allowances paid to inmates who participate in the various training programs established in certain correctional institutions pursuant to Correction Law § 200. These guidelines provide that when an inmate participating in such a program is transferred to another prison *"for reasons other than 'distribution of population'"*, the institution to which he is transferred is to determine the amount of incentive allowance the inmate is henceforth to receive. If the transfer is for purposes of "distribution of population", however, upon enrollment in a similar program at the receiving institution, the inmate is entitled to receive the same incentive allowance he was receiving at the transferring institution.

Prior to March 24, 1981, petitioner was participating in a training program at Comstock Correctional Facility and was receiving an incentive allowance of $1.25 per day. Petitioner was then transferred to Green Haven Correctional Facility, where his incentive allowance was decreased to 45 cents per day. After exhausting all possible administrative remedies, petitioner instituted this proceeding. He now appeals from a judgment dismissing the petition. Since the record does not indicate that petitioner was transferred for purposes of "distribution of population", the decrease in his incentive allowance was in accord with the applicable regulations (*see, Matter of Kibbe v Scully,* 97 AD2d 795).

Petitioner seeks to argue that the guidelines arbitrarily deprived him of a claimed interest in his prior rate of incentive allowance purportedly protected by the due process clause. This constitutional issue, not having been raised at Special Term, was not preserved for appellate review (*see, Melahn v Hearn,* 60 NY2d 944; *Matherson v Marchello,* 100 AD2d 233, 241, n 4). Moreover, even were we to reach it, we would reject it (*see, Matter of Cooper v Smith,* 63 NY2d 615, *affg* 99 AD2d 644; *Matter of Duval v Smith,* 50 AD2d 1066, 1067).

Petitioner also contends that Correction Law § 200 requires the Commissioner to establish a uniform rate of incentive allowances at all institutions where a training program is established. Although this issue also was not raised before Special Term, it is reviewable by this court because "the question presented is one of law 'which appeared on the face of the record and which could not have been avoided by [respondent] if brought to [his] attention at the proper juncture' " (*Matter of Block v Franklin Sq. Union Free School Dist.,* 72 AD2d 602, quoting from *Matter of Knickerbocker Field Club v Site Selection Bd.,* 41 AD2d 539, 540).

We reject petitioner's restrictive interpretation of the authority granted the Commissioner by Correction Law § 200. That statute gives the Commissioner considerable discretion and flexibility in establishing and operating training programs, and the challenged guidelines are not repugnant to the statute. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.