■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSE F. RIVERA, Appellant, v THOMAS A. COUGHLIN III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated November 16, 1984, which, after a hearing, dismissed the writ.

Ordered that the judgment is affirmed, without costs or disbursements.

Our review of the record leads us to conclude that the instant writ of habeas corpus, based upon the claim that the petitioner had not been furnished with the necessary transcripts of pretrial suppression hearings to prosecute an appeal to the Appellate Division, First Department, was properly dismissed. Although we do not condone undue delay in the appellate process, we see no basis in this case for a "[d]eparture from traditional orderly proceedings, such as appeal" (People ex rel. Keitt v McMann, 18 NY2d 257, 262). The petitioner has failed to assert any substantive claims which, if meritorious, would warrant reversal of his conviction and his

immediate release from custody *(see, People ex rel. Gist v LeFevre,* 88 AD2d 731, *appeal dismissed and lv denied* 57 NY2d 724; *cf. People ex rel. Lee v Smith,* 58 AD2d 987). Moreover, much of the delay in this case has been occasioned by the petitioner himself, who failed to diligently pursue avenues of relief available to him. Thus, although the Appellate Division, First Department, denied the petitioner's motion to be furnished with the transcripts in question, that court granted leave to renew the motion upon a proper showing of need and relevancy, but the defendant failed to so move. Similarly, although the defendant commenced a proceeding pursuant to CPLR article 78 in the Supreme Court, Dutchess County, which resulted in an order of that court directing the Clerk of the Appellate Division, First Department, to furnish the transcripts in question,* the petitioner took no steps to enforce that order which, apparently, remains in effect. Bracken, J. P., Brown, Niehoff and Eiber, JJ., concur.

(January 26, 1987)

---

* We have no occasion, at this juncture, to pass upon the validity of that order.