**Daniel P. FOSTER, Kathleen M. Paolo, Plaintiffs,**

v.

**Francis T. MURPHY, in his Official Capacity as Presiding Justice of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department; Robert M. Morgenthau, in his Official Capacity as District Attorney of New York County, New York, Defendants.**

**No. 88 Civ. 2531 (MGC).**

United States District Court, S.D. New York.

June 13, 1988.

Daniel P. Foster, Bronx, N.Y., pro se.

Robert Abrams, Atty. Gen. of State of N.Y., by Abigail I. Petersen, Asst. Atty. Gen., New York City, for defendant Francis T. Murphy.

Office of Robert M. Morgenthau, Dist. Atty., New York County, by Morrie I. Kleinbart, Mark Dwyer, Asst. Dist. Attys., New York City, for defendant Robert M. Morgenthau.

## OPINION AND ORDER

### CEDARBAUM, District Judge.

This is an action seeking to enjoin the Appellate Division of the New York State Supreme Court from considering an appeal by the Manhattan District Attorney in a criminal prosecution of plaintiffs Daniel P. Foster and Kathleen M. Paolo. Plaintiffs, who appear *pro se*, claim that the appeal would violate their rights under the double jeopardy clause of the Fifth Amendment. Defendants, who are the Manhattan District Attorney and the Presiding Justice of the Appellate Division of New York State Supreme Court, First Department, have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons discussed below, defendants' motion is granted.

## BACKGROUND

Plaintiffs are two attorneys, now disbarred, who were convicted in New York State Supreme Court of grand larceny for causing the sheriff to execute on a default judgment that was obtained through fraudulent service of a complaint. After the jury brought in a verdict of guilty on Count Five, which charged grand larceny in the

second degree, the trial judge set aside the conviction on that count for failure to prove an esential element of the offense, namely that the defendant did not have the authority of law or the consent of the owner to take the property[1]. On January 29, 1987, the District Attorney filed a notice of appeal from the trial judge's order to the Appellate Division, First Department. Foster moved to dismiss the appeal on the ground that it constituted double jeopardy prohibited by the Fifth Amendment to the United States Constitution. Foster's motion was denied without opinion on about March 1, 1988.[2] A second motion to dismiss the appeal, this time on state law double jeopardy grounds, was then filed. That motion is apparently still pending. The appeal is scheduled to be heard during the First Department's June Term.

Foster and Paolo bring this action "directly under the Constitution of the United States, Amendment 5." Complaint at ¶ 1. They seek to have this Court enjoin the Appellate Division from considering the District Attorney's appeal on the ground that the appeal would violate their rights under the double jeopardy clause.

## DISCUSSION

### A. *Abstention*

Defendants contend that under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), this Court must abstain from deciding plaintiffs' claim. In *Younger,* the Supreme Court held that federal courts may not enjoin ongoing state criminal prosecutions absent a threat of great and immediate irreparable injury. 401 U.S. at 46, 91 S.Ct. at 751. Specifically, the Court held that a federal court could issue such an injunction only when "the threat to the plaintiff's federally protected rights [is]

---

1. The parties have not informed this Court as to the disposition of the other counts of the indictment, or what the other counts alleged.

2. The order of the First Department denying the motion reads in its entirety as follows:

   Defendant-respondent having moved this Court for an order dismissing appellant's appeal from an order of the Supreme Court, New York County, entered on January 27, 1987, as barred by the double-jeopardy clause of the Fifth Amendment to the United States Constitution,

   Now, upon reading and filing the papers with respect to said motion, and due deliberation having been had thereon,

   It is ordered that said motion be and the same hereby is denied.

one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

The double jeopardy clause of the Fifth Amendment protects criminal defendants not only from being convicted a second time, but also from even being brought into court and exposed to the ordeal of trial for a second time. *See Abney v. United States,* 431 U.S. 651, 659–62, 97 S.Ct. 2034, 2040–41, 52 L.Ed.2d 651 (1977); *Drayton v. Hayes,* 589 F.2d 117, 120–21 (2d Cir.1979). In certain cases the double jeopardy clause also prohibits the prosecution from appealing judgments in favor of the defendant. *See Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986).

▇▇▇ Because the double jeopardy clause protects criminal defendants against even being subjected to certain proceedings, regardless of their outcome, double jeopardy is not prevented by a successful defense at the proceeding which a defendant seeks to block, or by a subsequent successful appeal. For this reason, claims under the double jeopardy clause fit within the exception to the *Younger* abstention doctrine, and federal courts will reach the merits of a claim that a state criminal proceeding constitutes double jeopardy. *Drayton v. Hayes,* 589 F.2d at 121 n. 7 (*Younger* "simply inapposite" to a claim of double jeopardy); *Showery v. Samaniego,* 814 F.2d 200, 201 n. 4 (5th Cir.1987).

### B. *§ 1983 or Habeas Corpus?*

Defendants, citing *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), contend that plaintiffs may not bring this action under 42 U.S.C. § 1983, under which it is apparently brought. I need not decide this question, since I may properly read the complaint as a petition for habeas corpus, in which plaintiffs may properly assert their double jeopardy claim. *Robinson v. Wade,* 686 F.2d 298, 302 & n. 6 (5th Cir.1982); *see also Drayton v. Hayes, supra* (double jeopardy claim seeking to block second trial brought by petition for habeas corpus).

Construing their complaint as a petition for habeas corpus imposes a requirement that plaintiffs have exhausted their state remedies. This is so whether their petition is considered as brought under 28 U.S.C. § 2254, which imposes the exhaustion requirement by statute, § 2254(b), (c), or under 28 U.S.C. § 2241, upon which courts have engrafted a requirement of exhaustion, *United States ex rel. Scranton v. State of New York,* 532 F.2d 292, 294 (2d Cir.1976). However, the imposition of the exhaustion requirement does not bar the plaintiffs from bringing this federal claim.

▇▇▇ Foster has apparently not sought leave to appeal the decision of the First Department to the New York Court of Appeals. Section 450.90 of the New York Criminal Procedure Law sets out the circumstances in which an appeal to the Court of Appeals may be taken. Section 450.90 provides, in relevant part:

[A]n appeal may ... be taken to the [C]ourt of [A]ppeals by ... the defendant ... from any adverse or partially adverse order of an intermediate appellate court.... An order of an intermediate appellate court ... is adverse to the party who was the respondent in such court when it reverses the judgment, sentence or order appealed from. An appellate court order which modifies a judgment or order appealed from is partially adverse to each party.

The trial judge did not consider any double jeopardy claim; the claim was raised for the first time by Foster's motion in the Appellate Division. The double jeopardy issue raised there bore only on whether an appeal could proceed, and presented an entirely separate question from what had been decided by the trial judge. Therefore, the Appellate Division's denial of the motion to dismiss the appeal did not reverse or modify the judgment or order appealed from within the meaning of § 450.90, and no appeal of the Appellate Division's decision could have been taken to the Court of Appeals. *See Guyton v. LeFevre,* 560 F.Supp. 1237, 1242 n. 7 (S.D.N.Y.1983) (denial of leave to appeal to Appellate Division not appealable to Court of Appeals); *see also People v. Williams,* 342 N.Y.S.2d 75 (App.Div. 2d Dept.1973) (same). The Court

of Appeals has apparently not created any exception to the plain words of § 450.90 when a double jeopardy claim is being asserted. In *People v. Pendleton,* 35 N.Y.2d 690, 361 N.Y.S.2d 160, 319 N.E.2d 422 (1974), an appeal from a decision of the Appellate Division, which had reversed a trial judge's dismissal of a count after a bench trial, was dismissed by the Court of Appeals as unappealable. Although the would-be appellant had raised a double jeopardy claim in the Court of Appeals, *see People ex rel. Pendleton v. Smith,* 54 A.D. 2d 195, 196, 388 N.Y.S.2d 426, 428 (4th Dept.1976), that fact was not mentioned in the one-paragraph order of dismissal. Because a motion seeking leave to appeal to the Court of Appeals would have been futile, petitioners were not required to make one in order to meet the exhaustion requirement. *See* 28 U.S.C. § 2254(b), (c) (only "available" state remedies need be exploited).

### C. *Double Jeopardy*

I proceed then to the merits.

■■■ A post-acquittal appeal is barred by the double jeopardy clause when reversal of the order appealed from would lead either to a second trial or to "further proceedings of some sort, devoted to the resolution of factual issues going to the elements of the offense charged." *Smalis v. Pennsylvania,* 476 U.S. at 145–46, 106 S.Ct. at 1749, quoting *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 570, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977). Where a jury returns a verdict of guilty and the trial judge subsequently enters a judgment of acquittal, however, a successful appeal by the prosecution does not lead to a second trial or to any further fact-finding proceedings, but simply to the reinstatement of the jury verdict. *See United States v. Wilson,* 420 U.S. 332, 344–45, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232 (1975); *see also Arizona v. Rumsey,* 467 U.S. 203, 211–12, 104 S.Ct. 2305, 2310, 81 L.Ed.2d 164 (1984). For this reason, an appeal of a judgment of acquittal entered after a jury verdict of guilty does not offend the double jeopardy clause. *United States v. Covino,* 837 F.2d 65, 67–68 (2d Cir.1988); *United*

*States v. De Garces,* 518 F.2d 1156, 1159 (2d Cir.1975); *see also United States v. Wilson, supra* (post-verdict dismissal on ground of pre-indictment delay may be appealed by prosecution). Foster and Paolo are thus not entitled to the relief they seek, and defendants' motion to dismiss the complaint must be granted.

### D. *Rule 11 Sanctions*

■■■ Defendant Robert M. Morgenthau, the Manhattan District Attorney, has requested sanctions against plaintiffs under Fed.R.Civ.P. 11 and 42 U.S.C. § 1988. In order to award sanctions, the plaintiffs' claim must be frivolous, unreasonable, or unsupportable by a good-faith argument for extension of existing law. *See Oliveri v. Thompson,* 803 F.2d 1265 (2d Cir.1986), *cert. denied,* — U.S. —, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). The Supreme Court has never ruled directly on the appealability of an acquittal on substantive grounds entered after a jury verdict of guilty. *See United States v. Covino,* 837 F.2d at 67. This is not an appropriate case for the award of sanctions even if, as defendant Morgenthau argues, the numerous related actions previously brought in federal court by Foster and his associates have been frivolous.

### CONCLUSION

Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) is granted. The complaint is dismissed on the merits. Defendant Morgenthau's motion for sanctions is denied.

SO ORDERED.