■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FAI CHEUNG and JHONG ZHENG, Respondents. [631 NYS2d 545] —Appeal by the People from (1) an order of the Supreme Court, Queens County (DeMakos, J.), dated November 16, 1993, which granted the motion of the defendant Fai Cheung to set aside a jury verdict convicting him of robbery in the second degree (two counts) and to dismiss the indictment, and (2) so much of an order of the same court, also dated November 16, 1993, as granted the motion of the defendant Jhong Zheng to set aside a jury verdict to the extent of reducing the conviction of robbery in the second degree (two counts) to a single count of robbery in the third degree.

Ordered that the first order dated November 16, 1993, is reversed, the motion of the defendant Fai Cheung is denied, and

the indictment and verdict convicting that defendant of robbery in the second degree (two counts) are reinstated; and it is further,

Ordered that the second order dated November 16, 1993, is reversed insofar as appealed from, the motion of the defendant Jhong Zheng is denied, the conviction for robbery in the third degree and the sentence imposed thereon are vacated, and the conviction of robbery in the second degree (two counts) is reinstated; and it is further,

Ordered that the matters are remitted to the Supreme Court, Queens County for the sentencing of the defendant Fai Cheung and the resentencing of the defendant Jhong Zheng.

The Supreme Court erred in granting the motion of the defendant Fai Cheung for a trial order of dismissal since the evidence, viewed in a light most favorable to the prosecution, was legally sufficient to demonstrate every element of these crimes (see, CPL 290.10 [1]; 70.10 [1]; *People v Batashure,* 75 NY2d 306, 309-310; *People v Singh,* 191 AD2d 731; *People v Barnes,* 178 AD2d 482, 483).

The Supreme Court also erred in granting the motion of the defendant Jhong Zheng to the extent of modifying the verdict since the evidence, viewed in a light most favorable to the prosecution, was legally sufficient to establish his guilt of two counts of robbery in the second degree beyond a reasonable doubt (see, CPL 330.30 [1]; *People v Colon,* 65 NY2d 888, 890; *People v Floyd,* 176 AD2d 554, 555).

We do not pass in any respect upon the weight of the evidence nor upon any other aspect of this case which may be the subject of future appeals by the defendants from the judgments of conviction (see, *People v Goodfriend,* 64 NY2d 695; *People v Brown,* 141 AD2d 657, 658). O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.