Matter of Emani G. (2005 NY Slip Op 50757(U))

[*1]

Matter of Emani G.

2005 NY Slip Op 50757(U)

Decided on May 23, 2005

Family Court, Queens County

Hunt, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2005

Family Court, Queens County
In the Matter of Emani G., a Person Alleged to be a Juvenile Delinquent, Respondent.
D-7650/05

John M. Hunt, J.
Respondent has moved for dismissal of this juvenile delinquency proceeding at the close
of the evidence on the ground that the evidence fails to establish her guilt beyond a reasonable
doubt (Fam. Ct. Act §345.1 [2]).
While article 3 of the Family Court Act does not contain a specific provision authorizing
a trial order of dismissal, the Court may dismiss a petition at the close of the Presentment
Agency's case or at the conclusion of all of the evidence on the ground that "the trial evidence is
not legally sufficient to establish the offense charged therein or any lesser included offense "
(Criminal Procedure Law §290.10 [1]; see, Fam. Ct. Act §345.1 [2]; Matter of Holtzman v.
Goldman, 71 NY2d 564, 571-572; People v. Whipple, 97 NY2d 1, 5; People v. Spellman, 233
AD2d 254).[FN1] In a juvenile delinquency proceeding an order of dismissal at the close of the
evidence "is akin to a trial order of dismissal under CPL 290.10 and constitutes an adjudication
on the merits in favor of the accused" (Matter of Endrell O., 97 AD2d 795; see, Matter of Frank
[*2]
K., 87 AD2d 1003; Matter of Roger W., 61 AD2d 884), which would bar an appeal or a retrial
upon the charges (see, People v. Biggs, 1 NY3d 225, 229).
Turning to the evidence adduced by the Presentment Agency and viewing that evidence
in the light most favorable to the petitioner (People v. Singh, 191 AD2d 731, lv. denied 81 NY2d
1020; People v. Fai Cheung, 219 AD2d 733, 734; People v. Beecher, 225 AD2d 943, 944; People
v. Gulnac, 309 AD2d 1070, 1072), the Court finds that the evidence is legally sufficient to
establish respondent's commission of an act which would constitute the crime of Prostitution
under Penal Law §230.00.
The testimony of New York City Police Officer Doe establishes that he was assigned to
the Vice Enforcement Division in Queens County on May 11, 2005 and that he was assigned to
work as an undercover officer, that he was in plain clothes, and was on patrol in an unmarked
vehicle on that date. At approximately 12:55 A.M. Officer Doe was in his unmarked vehicle in
the vicinity of South Road and Sutphin Boulevard in Queens County, an area which he stated
was known to police officers as a "prostitution prone location". In addition, Doe testified that
this particular location was "desolate" with no homes and only a single "bodega" located nearby.
As he drove by this location, Doe observed "four people" which he described as "one male and
three females" and he identified respondent as being one of the persons he observed at the
location. Doe further observed the male, later identified as Charles Jones, standing immediately
next to the respondent and the other two females standing to the right of the respondent, further
away from Jones. According to Officer Doe, he "spoke to Mr. Jones and he asked me 'what are
you looking to get into?' [and] I said to him . . . how much for [oral sex]?" and Jones replied
 
"forty dollars" while the respondent and two other females were situated immediately to the
[*3]
right of Mr. Jones. Officer Doe then asked respondent "is that good with you? Is forty dollars
good with you?" and respondent "nodded in agreement". Doe then proceeded to ask the other
two females whether they would perform oral sex for forty dollars and both responded in the
affirmative by stating "yes". Subsequently, Doe drove away and back up officers arrived to arrest
Mr. Jones, respondent, and the other two females. Officer Doe thereafter made a confirmatory
identification of the four individuals.
Penal Law §230.00 provides that "[a] person is guilty of prostitution when such person
engages or agrees or offers to engage in sexual conduct with another person in return for a fee".
The essence of the crime of prostitution is an agreement by two willing participants to engage in
sexual conduct in exchange for a fee (see, People v. Smith, 44 NY2d 613, 617; Matter of Joy W.,
294 AD2d 306; Matter of Nicolette R., 9 AD3d 270, 271). In Matter of Marco M. (158 AD2d
342), the Court found that the evidence established respondent's commission of the crime of
prostitution. In that case, a second individual made an offer for respondent to engage in sexual
conduct with an undercover police officer for a fee and respondent "nodded in agreement".
Additionally, the officer discussed the fee directly with the respondent as well as his desire to
engage in sexual activity with respondent in exchange for money after respondent entered an
unmarked police van in which the officer had been seated. In this case, Officer Doe indicated to
Mr. Jones that he wished to have oral sex performed upon him and Jones stated that the fee was
$40.00. Respondent was standing directly next to Jones when the sexual conduct and the fee
were discussed by Doe and Jones and Officer Doe then directly addressed respondent asking her
"is that good for you? Is forty dollars good with you?" to which respondent "nodded in
agreement".
While respondent did not enter Officer Doe's vehicle like the respondent in Matter of
Marco M., the evidence establishes that she agreed to perform oral sex upon Doe in exchange
for the $40 fee. Respondent was standing directly next to Jones at 12:55 A.M. in a location
known for prostitution activity while the sexual activity and fee therefor were discussed. After
Jones and Officer Doe completed their negotiations, the officer asked respondent whether the fee
was sufficient for the sexual act in question and she indicated that it was. The crime of
prostitution is committed upon the making of an offer or an agreement to engage in sexual
relations in exchange for a fee and there is no requirement that the parties to the agreement
actually engage in sexual activity or that they secrete themselves in a place, such as a motor
vehicle or room for the purpose of executing that agreement (e.g., Matter of Joy W., at 306; see,
Zett, NY Crim Practice, vol. 9, ¶88.2 [an offer to engage in prostitution is in itself sufficient to
make out the offense]). Here, the evidence supports the conclusion that respondent was present
when the agreement reached by Jones and the officer and that she consented to perform oral sex
upon Doe for the fee of $40.
Accordingly, the evidence is legally sufficient to establish that respondent committed the
crime of prostitution as charged in the petition and the motion to dismiss is denied.
This constitutes the order of the Court.
E N T E R:
________________________________
John M. Hunt
Judge of the Family Court
Dated: Jamaica, New York
[*4] May 23, 2005
 

Footnotes

Footnote 1:The Court may, of course, consider whether the trial evidence supports any lesser included offense of the charges even if such lesser included offense is not charged in the petition (Matter of Dwight M., 80 NY2d 792, 794).