■ In the Matter of FRANK DUVAL, Appellant, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent.—Judgment unanimously affirmed. Memorandum: Petitioner appeals from a judgment of the Supreme Court in Wyoming County which, after a hearing, denied his CPLR article 78 petition. Petitioner claims that he had been wrongfully dismissed from his job as head inmate clerk in the correspondence department at the Attica Correctional Facility and sought (1) restoration of the job, (2) reimbursement for wages lost as a result of the dismissal and (3)

deletion from his records of all references to the disciplinary action that resulted in his loss of the job. The incident which led to his dismissal was the finding on petitioner's person of an envelope addressed to another inmate. At the adjustment committee hearing he admitted having the envelope on his person. The record tends to show that he had the addressee's permission and that his motives in carrying the envelope were benign. However, a correctional officer testified that an envelope is deemed "contraband" when found in the possession of a person not the addressee. Thus petitioner's conduct was per se forbidden, regardless of motive or permission. In the circumstances, such a rule was not unreasonable. The record indicates that there had been numerous inmate complaints about irregularities in mail delivery, as well as problems involving "inmates being mailmen to other inmates in the institution without going through the regular correspondence channels". Such practices were potentially harmful both to institutional security and to inmate morale. Prison authorities necessarily have a broad discretion to make and enforce rules to promote the safe and orderly functioning of the facility and their action in the present case was well within the bounds of that discretion. Petitioner relies on *Wolff v McDonnell* (418 US 539) for the proposition that he had a constitutionally protected "conditional right" to his job, so that dismissal required certain due process procedural safeguards. However, the *Wolff* decision was expressly declared to be nonretroactive *(supra,* pp 573–574), and petitioner's dismissal occurred some three months prior to the decision date of *Wolff.* Even if *Wolff* were retroactively applicable, the instant case would not come within its rationale. *Wolff* involved prison disciplinary proceedings resulting in the forfeiture or withholding of "good time" credit. By statute such credit was to accrue to the inmate as a matter of right, and could be withheld or forfeited only in cases of serious or flagrant misconduct *(supra,* pp 545–546, ns 5, 6). Furthermore, good-time credit had a direct and immediate bearing on the length of the inmate's incarceration. Hence, "the prisoner's interest [had] real substance and [was] sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to * * * minimum procedures * * * to insure that the state-created right is not arbitrarily abrogated" *(supra,* pp 539, 557). In contrast the case at bar does not involve such drastic disciplinary measures as did *Wolff.* The claimed misconduct was not so serious or so flagrant, nor the ensuing transfer so drastic, as to call into play the *Wolff* due process safeguards. Furthermore, petitioner had no statutory guarantee that he would keep his mailroom job. Prison officials could have removed him at any time in connection with the operation of the prison without investigation or hearing. Thus, the job dismissal abridged no right cognizable under the due process clause, and petitioner is not entitled to reinstatement. Similar considerations require denial of petitioner's other requests. We note that petitioner does not appear to have been prejudiced by the inclusion of reports of the incident in his records. On the argument we were advised that he has been transferred to the Rochester Correctional Facility, which is classified as a minimum security "residential treatment facility" (7 NYCRR 100.92 [c]) and characterized by counsel for petitioner as a "halfway house". Special Term properly found that the action of the authorities in removing petitioner from the mailing room was neither arbitrary nor capricious. (Appeal from judgment of Supreme Court, Wyoming County, in article 78 proceeding.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.