■ In the Matter of KENNETH A. PATTERSON, Respondent, v HAROLD J. SMITH, as the Superintendent of the Attica Correctional Facility, et al., Appellants.—Judgment affirmed, without costs. All concur, except Simons and Moule, JJ., who dissent and vote to reverse the judgment and dismiss the petition, in the following memorandum.

Simons and Moule, JJ. (dissenting). Petitioner commenced an article 78 proceeding to obtain an order expunging from his permanent prison file a memorandum which states that he was involved in an alleged escape plan while an inmate at the Ossining Correctional Facility. Petitioner asserts that the memorandum caused his reassignment from a job in the hospital at the Clinton Correctional Facility to a job in a more secure area and that he has never had an opportunity to challenge the allegation contained in the memorandum. The court ordered the Department of Correctional Services to commence disciplinary proceedings concerning the alleged escape plan within 90 days or, failing to do so, not to consider the memorandum upon applications by petitioner for transfer, job assignments, temporary release or parole. Prisoners may not be penalized for prison misconduct without

notice and a hearing on the charges *(Wolff v McDonnell,* 418 US 539; *Matter of Amato v Ward,* 41 NY2d 469). For example, a prisoner may not be denied good behavior allowances on the basis of misconduct without being afforded adequate due process protections *(Matter of Amato v Ward, supra),* and a prisoner may not be placed in segregated confinement without a hearing *(Wilkinson v Skinner,* 34 NY2d 53). However, lawful incarceration results in a diminution of many of the rights and privileges of ordinary citizens *(Wolff v McDonnell, supra; Price v Johnston,* 334 US 266; *Cooper v Lombard,* 64 AD2d 130). Thus, prisoners have no right to particular security classifications or program or job assignments (see *Montanye v Haymes,* 427 US 236). In addition, correction officials have wide discretion in matters of prison administration, institutional security and transfer of prisoners (see, e.g., *Meachum v Fano,* 427 US 215, 228-229; *Wilkinson v Skinner, supra).* Petitioner's transfer from a job in the prison hospital to one in a more secure area of the prison is not a sufficient penalty to entitle him to a hearing *(Matter of Duval v Smith,* 50 AD2d 1066). Nor is the presence of the memorandum in petitioner's file sufficient justification for the relief which the court ordered. Its mere presence does not result in the deprivation of a protected right sufficient to invoke due process *(Martinez v Oswald,* 425 F Supp 112; *Matter of Duval v Smith, supra).* (Appeal from judgment of Wyoming Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.