■ In the Matter of OLIVER RICE, Respondent, v EDWARD R. HAMMOCK, as Chairman of the New York State Division of Parole, Appellant. — Judgment unanimously reversed and petition dismissed. Memorandum: In this CPLR article 78 proceeding respondent appeals from a judgment granting petitioner a *de novo* parole release hearing. Supreme Court held that a new hearing is required because the Parole Board's decision fails to recite that consideration was given to the factors enumerated in the applicable statute (see Executive Law, § 259-i, subd 2, par [c]). We reverse. The record of the parole release hearing demonstrates that the board had before it all of the information required by the statute to be considered, and the decision set forth in detail the board's reasons for denying parole (see Executive Law, § 259-i, subd 2, par [a]; *Matter of Collins v Hammock,* 52 NY2d 798). (Appeal from judgment of Supreme Court, Wyoming County, Fudeman, J. — art 78.) Present — Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RIGGS, Appellant. — Judgment unanimously reversed, on the law, defendant's motion granted and indictment dismissed. Memorandum: The period of time between January 15, 1981 and March 12, 1981 was not excludable in computing the time within which the People should have been ready for trial (CPL 30.30; see *People v Sims,* 59 AD2d 546; *People v Cahill,* 54 AD2d 938). (Appeal from judgment of Monroe County Court, Celli, J. — burglary, third degree, and other charges.) Present — Dillon, P. J., Denman, Boomer, Green and O'Donnell, JJ.

■ In the Matter of GARY COOPER, Respondent, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, et al., Appellants. — Judgment unanimously reversed and petition dismissed. Memorandum: In this CPLR article 78 proceeding challenging petitioner's removal from a prison job assignment without a disciplinary hearing, Special Term correctly held that such a hearing was not required. Petitioner had no statutory guarantee that he would keep his kitchen job and prison officials could remove him from that assignment at any time without a hearing (*Matter of Duval v Smith,* 50 AD2d 1066, 1067). It is additionally noted that transfer from one job to another is not one of the permitted dispositions at either a violation hearing or a disciplinary hearing (see 7 NYCRR 252.5, 253.7, 254.7). Thus, respondent's conduct did not amount to disciplinary action. Therefore, the court erred in directing that petitioner be compensated from the time his assignment was terminated to the date of reassignment to a new job at the rate of pay he was earning at the time of his termination. (Appeal from judgment of Supreme Court, Wyoming County, Doyle, J. — art 78.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.