■ In the Matter of WILFREDO GONZALEZ, Appellant, v RAMON RODRIGUEZ et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Board of Parole, which, after a hearing, denied the petitioner release on parole, the appeal is from a judgment of the Supreme Court, Dutchess County (Coppola, J.), entered January 27, 1987, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

In the absence of a convincing demonstration to the contrary, it is presumed that the New York State Board of Parole

acted properly in accordance with statutory requirements *(see, People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128, 133, *appeal withdrawn* 62 NY2d 617). Here, the petitioner argues on appeal that the Board of Parole failed to take into consideration his plans if paroled in determining that he should not be paroled. This contention, however, is belied by the record as it is evident that inquiry was made at the hearing regarding the petitioner's plans if released. The petitioner further argues that the Board should not be permitted to deny him parole based solely on the nature of his criminal acts. The Board, however, was entitled to weigh each of the statutory factors as it saw fit *(see, People ex rel. Thomas v Superintendent,* 124 AD2d 848, *lv denied* 69 NY2d 611). Because the petitioner has failed to convincingly show that the Parole Board failed to consider all of the mandatory factors enumerated by statute (see, Executive Law § 259-i [2] [c]), the determination denying him parole is not subject to judicial review *(see,* Executive Law § 259-i [5]). Thompson, J. P., Niehoff, Eiber, Sullivan and Harwood, JJ., concur.