■ In the Matter of JAMES M. LEE, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Leary, J.), entered November 10, 1987 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was transferred from Eastern Correctional Facility in Ulster County to Mt. McGregor Correctional Facility in Saratoga County on November 28, 1986. He appeared before the Mt. McGregor Program Committee on December 9, 1986 and was informed that he must accept a job working in the mess hall. Petitioner refused to work in the mess hall and would not sign a consent form indicating his willingness to fill that position. Petitioner claimed that since he had completed college and had worked in a prison academic program for 10 years, he should be offered a position commensurate with his abilities.

Petitioner was found guilty pursuant to prison misbehavior reports charging him with refusing to report for a mandatory literacy test, refusing to report to the mess hall, harassment and being out of place after a disciplinary hearing. Penalties of confinement to cell for 50 days, and loss of commissary, packages and phone call privileges for 45 days, were imposed. The dispositions were affirmed on administrative appeal.

Petitioner commenced this CPLR article 78 proceeding in Supreme Court, Saratoga County, to review the determination

of respondent Commissioner of Correctional Services. It was transferred to Supreme Court, Washington County, after petitioner's transfer to Great Meadow Correctional Facility. Supreme Court dismissed the petition after construing petitioner's claim to be that Mt. McGregor's Program Committee did not have authority to order him to attend the assigned work program and that petitioner's disobedience of those orders was therefore a nullity. Supreme Court further found petitioner's other contentions to be irrelevant and meritless. This appeal ensued.

The judgment of Supreme Court should be affirmed. Petitioner does not have a liberty interest in obtaining a job closely suited to his perceived abilities, nor does he have a protected right to meet with a counselor prior to such assignment. Petitioner's claim that he was entitled to an interview with a correction counselor within five days of his initial transfer to Mt. McGregor is without merit.

There is no statutory or constitutional guarantee to employment for prison inmates (see, Matter of Johnson v Smith, 112 AD2d 50, 51, affd 66 NY2d 697; Matter of Cooper v Smith, 99 AD2d 644, affd 63 NY2d 615; Matter of Duval v Smith, 50 AD2d 1066, 1067, lv denied 38 NY2d 711). The mere expectation of employment does not afford a person a property interest in a job (see, Board of Regents v Roth, 408 US 564, 577). In a prison setting, even a constitutional right of a prisoner must bend to institutional dictates if they are sufficiently compelling (see, Wolff v McDonnell, 418 US 539, 556). It should be noted that the facility regulation that an inmate be provided, upon request, with a counselor interview within five days of his arrival is not mandatory and does not create the liberty interest of which petitioner claims he was denied.

Petitioner was properly disciplined for refusing to obey orders. Under the Correction Law, respondents have authority to require physically capable inmates to be employed (Correction Law § 171 [1]). His refusal to consent to employment, as well as to take a literacy test, constituted disobedience of direct orders (see, Matter of Rivera v Smith, 63 NY2d 501, 515-516).

Petitioner's misbehavior reports were issued in response to his refusal to obey direct orders and not his refusal to per se accept the job offered to him, as petitioner claims, and therefore were not untimely.

Finally, Supreme Court properly ruled that petitioner's claim for money damages for wrongful confinement in the

special housing unit did not belong in Supreme Court. Such claims alleging wrongdoing of State employees acting in the scope of their employment must be brought in the Court of Claims *(see,* Correction Law § 24 [2]; *Cepeda v Coughlin,* 128 AD2d 995, *lv denied* 70 NY2d 602; *but cf., Arteaga v State of New York,* 72 NY2d 212).

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.