OPINION OF THE COURT
Arthur W. Lonschein, J.
In this proceeding pursuant to CPLR article 78, petitioner seeks to vacate respondent’s determination denying him parole status.
Petitioner is serving a sentence of 3 to 9 years for man *41 slaughter in the second degree, 1 to 3 years for reckless endangerment in the first degree and 1 to 3 years for leaving the scene of an accident. All convictions arose out of an incident in which petitioner’s motor vehicle struck and killed a pedestrian.
Prior to petitioner’s appearance before the respondent New York State Board of Parole, he was awarded a certificate of earned eligibility pursuant to Correction Law § 805. Correction Law § 805 provides that "an inmate * * * who has been issued a certificate of earned eligibility, shall be granted parole release at the expiration of his minimum term * * * unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society.” Although petitioner completed his minimum term and earned a certificate of earned eligibility, he was denied parole status. The grounds stated for the denial were the gravity of the offense committed, the manner in which it was committed and the fact that petitioner was involved in six motor vehicle accidents prior to the incident which led to his incarceration. On this basis, respondent concluded that petitioner could not live or remain at liberty without violating the law and his release would be incompatible with the welfare of society.
At the outset, the court rejects petitioner’s contention that respondent’s determination must be overturned for its failure to set forth with specificity its basis for its findings. As indicated above, respondent outlined its reasons for the denial of parole with sufficient detail to inform petitioner of the basis of its decision in accordance with Executive Law § 259-i (2) (a). (See, Matter of Rice v Hammock, 99 AD2d 644; People ex rel. Herbert v New York State Bd. of Parole, 97 AD2d 128.) Furthermore, it is not necessary that the decision recite that consideration was given to each of the factors set forth in Executive Law § 259-i (2) (c) or 9 NYCRR 8002.3 (c). It is sufficient that respondent had before it all of the relevant information to be considered. (See, Matter of Rice v Hammock, supra; cf., Matter of Samperi v Rodriquez, 126 AD2d 653.)
Petitioner also asserts that the determination was arbitrary and capricious and not in accordance with law. Specifically, he contends that there was no basis for the conclusion that he could not, if released, remain at liberty without violating the law and be compatible with the welfare of society. In addition, *42 he claims that his prior driving record was improperly considered as it is not predictive of future criminal activity.
Pursuant to Executive Law § 259-i (5), a determination of the Board is "deemed a judicial function and shall not be reviewable if done in accordance with law.” However, it has been held that the determination may be vacated if there is a showing that it is so irrational as to border on impropriety. (See, Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77; People ex rel. Herbert v New York State Bd. of Parole, supra, at 133.) With respect to the statutory factors required to be considered, the Board is entitled to weigh each as it sees fit. (See, Matter of Gonzales v Rodriguez, 135 AD2d 633.)
In the instant case, there is no basis for vacating respondent’s denial of parole. Respondent was permitted to deny parole based solely on the gravity of petitioner’s crime. (See, Matter of Gonzales v Rodriguez, supra.) The consideration of petitioner’s driving record was not improper as 9 NYCRR 8002.3 (c) required respondent to consider any available information in determining whether petitioner could be compatible with society and live crime free. In respondent’s discretion, petitioner’s history of six prior accidents was considered relevant in reaching the determination. This court will not substitute its discretion for that of respondent. Finally, since respondent acted in accordance with all statutory requirements and its decision is not so irrational as to border on impropriety, it is not subject to judicial review. (Executive Law § 259-i [5]; see, Matter of Gonzales v Rodriguez, supra.)
Accordingly, petitioner’s application is denied and the proceeding is hereby dismissed.