■ In the Matter of DAVID G. JOYNER, JR., Appellant, v THOMAS A. COUGHLIN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review (1) a determination of the respondents dated May 23, 1990, finding the petitioner guilty of verbal harassment, after a disciplinary hearing, and (2) a determination of the respondents dated June 27, 1989, denying the petitioner's request for placement in the "honor block housing unit", the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Bernhard, J.), dated May 11, 1990, which dismissed the proceeding.

Ordered that the appeal from so much of the judgment as dismissed that branch of the petition which is to review the determination that the petitioner had committed verbal harassment, and directing that the disciplinary determination be expunged, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

The respondents concede that the petitioner's disciplinary hearing was not timely and have informed us that all references to that hearing have been expunged from official records. Since the petitioner has been granted that relief upon the respondents' consent, the appeal is academic to the extent that the petitioner seeks that relief.

The petitioner also sought review of a determination denying his request for placement in an "honor block housing unit". However, the petitioner has no right to such placement (see, Matter of Johnson v Smith, 112 AD2d 50, affd 66 NY2d 697; Matter of Cooper v Smith, 99 AD2d 644, affd 63 NY2d 615; Matter of Sabo v Racette, 124 AD2d 920).

We have examined the additional arguments advanced in the petitioner's "traverse", which we treat as a reply brief, and find them to be without merit, or academic for the reason noted above. Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.