■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v ALFREDO LEWIS, Defendant. ALFREDO LEWIS, Respondent, v COMMISSIONER OF DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, Appellant.—In an action, *inter alia,* for a judgment declaring that directive No. 4914 of New York State Department of Correctional Services (DOCS) violates respondent's First Amendment rights, defendant DOCS appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Dunkin, J.), dated August 21, 1985, as, after a hearing, declared that the directive's requirement of an initial haircut is unconstitutional as applied to respondent and held that respondent may retain his dreadlocks.

Judgment affirmed insofar as appealed from, without costs or disbursements.

Respondent is an avowed Rastafarian who has not cut his hair in 20 or 25 years. He has worn the hair in "dreadlock" fashion since he was five years old. He is also a convicted felon who is awaiting sentencing and transfer to a State correctional facility. Following his conviction, he commenced this declaratory judgment action challenging the validity of DOCS's directive No. 4914 which would require him to submit to a haircut and shave upon commencing his sentence, in violation of his religious convictions which appellant concedes are sincere.

Directive No. 4914 provides: "Males received as new commitments shall get an initial haircut and shave for reasons of health and sanitation as well as to permit the taking of the initial identification photograph. Hair length upon completion of this initial haircut shall not exceed one (1) inch on any part of the head. For the purpose of the initial clean shaven identification photograph, inmates who have a beard upon reception shall be permitted the option to use an electric razor, hand razor, hand clippers, or a depilatory to remove their beard".

Inmates may thereafter grow their hair to any length and

beards and mustaches to a length of no more than one inch. Appellant DOCS asserts this rule is needed for reasons of security and sanitation. A Deputy Commissioner of DOCS testified at the hearing. He stated that photographs of each inmate are taken after the haircut and shave so that DOCS has a picture that shows the facial features and contours unobstructed by hair. Such photographs can facilitate the apprehension of escaped convicts, especially if they drastically change their appearances by cutting off long hair. He also noted that the haircut makes it easier to decontaminate incoming prisoners of lice. Respondent conceded that there was justification for the requirement that he shave in order to ensure a full facial view in his photograph. Therefore, he did not vigorously press his challenge to that part of the directive.

The hearing court found that the identification objective would be fully achieved by pulling respondent's locks back tightly behind the head for a photograph so they could not be seen, did not obstruct a full facial view in any event, and enabled the photographer to obtain an accurate picture of the contours of his face and head. It found the same objectives could be achieved, in a similar manner, for side photographs. However, it ruled that DOCS could legitimately require an initial shave as there was no less intrusive alternative for photographing the underlying facial features (see, *Phillips v Coughlin*, 586 F Supp 1281).

The court also found that the shampoos used by the prison to eliminate lice would work on long hair as well as short hair and that this objective would be completely achieved as to respondent who has had no indication of having lice, even prior to admission to DOCS.

The hearing court concluded, and we agree, that all the asserted objectives of a haircut can be achieved through alternatives that impinge less drastically on respondent's First Amendment rights than directing him to cut his hair (see, *Procunier v Martinez*, 416 US 396; *Abdul Wali v Coughlin*, 754 F2d 1015; *Davidson v Scully*, 694 F2d 50). Appellant has made no showing that implementation of these alternatives would cause any greater "increased administrative burden * * * than that normally encountered when the constitutional rights of prisoners are enforced" (*Teterud v Burns*, 522 F2d 357, 361). Since such alternatives are available, enforcing the directive's haircut requirement would violate respondent's religious rights unnecessarily. The directive is, to that extent, unconstitutional as applied to respondent (see, *Gallahan v*

*Hollyfield,* 670 F2d 1345; *Teterud v Burns, supra; Wright v Raines,* 457 F Supp 1082).

We note that another recently convicted person, Wayne Overton, has appeared as an *amicus curiae* herein and claims to be similarly situated. Since he is not a party to these proceedings, and no findings of fact have been made as to him, no declaration can be made as to him at this time. Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.