OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Plaintiff, a convicted felon, challenges as a violation of his First Amendment rights the application to him of defendant’s directive requiring that male prisoners receive an initial haircut. Plaintiff is an avowed Rastafarian, wears his hair in dreadlocks, and has not cut his hair for 20 or more years. It is undisputed that he is sincere in his beliefs, that they are of religious nature, and that a haircut would impinge on those beliefs. The challenged directive provides that males received as new commitments have an initial haircut and shave for reasons of health and sanitation as well as to permit the taking of the initial identification photographs; following the initial haircut, there is no restriction on the length of an inmate’s hair. On this appeal, defendant urges only that the initial haircut is essential to prison security in that photographs taken at that time facilitate quick identification of inmates and escapees.*
A prisoner retains First Amendment rights "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system.” (Pell v Procunier, 417 US 817, 822.) A regulation challenged on the ground that it impinges on First Amendment rights will be upheld if — giving due deference to the discretion and expertise of prison authorities — the regulation furthers substantial governmental interests of security, order or rehabilitation, and its encroachment on First Amendment freedoms is no greater than necessary to protect the interest involved (Wali v Coughlin, 754 F2d 1015, 1029; Phillips v Coughlin, 586 F Supp 1281, 1283).
Plaintiff urges that the regulation must be stricken because it does not constitute the "least intrusive means” of satisfying *925 defendant’s administrative concern; defendant contends that the regulation should be upheld because it does not represent an "exaggerated response” to his legitimate penological interests. Both lower courts found that, as to plaintiff, the asserted objective of the regulation in issue could be fully achieved simply by pulling his hair back when the initial identification photographs are taken. This affirmed finding is supported by the testimony of a deputy commissioner in the Department of Correctional Services; and a sufficient showing was not made here of administrative burden. In this instance, therefore, defendant’s interest can be readily satisfied without any interference with plaintiff’s beliefs. Thus, whichever test is adopted, on this record the regulation as applied to plaintiff needlessly infringes on his beliefs, and cannot stand.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed, without costs, in a memorandum.

 The following issues are not reached on this appeal. First, no State constitutional argument is properly presented. Second, plaintiff has agreed to comply with the shave requirement. Third, we do not consider whether Rastafarianism is a religion entitled to First Amendment protection. (See, Overton v Department of Correctional Servs., 131 Misc 2d 295.)