■ WAYNE OVERTON, Respondent-Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Appellants-Respondents.—In an action, *inter alia,* for a judgment declaring that the shaving of the plaintiff's facial hair and the cutting of the plaintiff's locks would violate his right to the free exercise of his religion, (1) the defendants appeal from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Bourgeois, J.), dated March 21, 1986, as, upon the plaintiff's motion for summary judgment, enjoined enforcement of so much of Directive No. 4914 of the New York State Department of Correctional Services as requires the plaintiff to have his locks cut, and (2) the plaintiff cross-appeals from so much of the same order and judgment as, upon the defendants' cross motion for summary judgment, declared that enforcement of so much of Directive No. 4914, as it requires the plaintiff to have his facial hair shaved would not violate his right to the free exercise of religion, and denied the plaintiff's claim for injunctive relief prohibiting the enforcement of that requirement *(see, Overton v Department of Correctional Servs.,* 131 Misc 2d 295).

Ordered that the order and judgment is affirmed, without costs or disbursements.

The plaintiff, a Rastafarian since 1979, was convicted of a series of felonies. Prior to being sentenced to a State correctional facility, he commenced this action seeking to enjoin enforcement of Directive No. 4914 of the New York State Department of Correctional Services on the ground that it would result in a violation of his right under the State and Federal Constitutions to freely exercise his religion. That directive, *inter alia,* requires all males received as new inmates to receive an initial haircut and shave "for reasons of health and sanitation as well as to permit the taking of the initial identification photograph". Effective December 4, 1986, Directive No. 4914 was amended to exempt from the initial haircut requirement any inmate who professes to be a Rastafarian and refuses to have an initial haircut. After the initial haircut and shave, inmates are permitted to grow a beard and

mustache not to exceed one inch in length, and to grow their hair to any desired length, provided it is kept neatly. The plaintiff alleged that the initial shave and haircut requirements deprived him of his right to freely exercise his religion, because the Rastafarian religion forbids its followers to allow their facial hair to be shaved or their locks cut. Agreeing that no issues of fact were presented, the plaintiff moved and the defendants cross-moved for summary judgment. After determining that Rastafarianism is a religion entitled to constitutional protection and that the plaintiff's beliefs were sincere, the court, relying upon this court's decision in *Lewis v Commissioner of Dept. of Correctional Servs. of State of N. Y.* (115 AD2d 597, *affd* 68 NY2d 923), concluded that the initial haircut requirement was unconstitutional as applied to the plaintiff, because less restrictive alternatives were available to achieve the penological objectives of this requirement *(Overton v Department of Correctional Servs., supra)*. However, the court did not reach the same result with regard to the initial shave requirement. "The presence of facial hair, however sparse or wispy, may still be misleading or confusing in a circumstance calling for subsequent identification. Since the easiest and fastest way for an inmate to alter his appearance is by shaving his beard or mustache, '[t]he State truly has no less intrusive manner of obtaining the clean-shaven photograph than removing the inmate's facial hair' *(Phillips v Coughlin,* 586 F Supp 1281, 1285 [SDNY 1984])" *Overton v Department of Correctional Servs., supra,* at 302). Thus, the court granted the plaintiff partial summary judgment as to the initial haircut requirement and granted the defendants partial summary judgment as to the initial shave requirement.

When a prison regulation impinges on inmates' Federal constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests *(Turner v Safley,* 482 US —, 107 S Ct 2254). This standard, which is less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights, is necessary to give due deference to prison administrators and to ensure that they, and not the courts, will make the difficult judgments concerning institutional operation *(O'Lone v Estate of Shabazz,* 482 US —, 107 S Ct 2400). Applying this standard, the Court of Appeals in *Lewis v Commissioner of Dept. of Correctional Servs. of State of N. Y.* (68 NY2d 923, *supra)* determined that the initial haircut requirement of Directive No. 4914 needlessly infringed on the religious beliefs of the plaintiff. In *Lewis,* the court

found that the objective of the directive, to facilitate the identification of inmates by providing correctional personnel with photographs representing a full front and side view of the inmates' faces unobstructed by facial hair or locks, could be fully achieved simply by pulling the plaintiff's hair back when the initial identification photographs are taken. Here, too, the uncontroverted evidence established that when the plaintiff's hair is tied back a full and unobstructed facial view can be obtained (excluding, for the moment, consideration of the plaintiff's facial hair). As the defendants have failed to make a sufficient showing that the administrative burden resulting from the accommodation of the plaintiff's religious beliefs is any greater than that present in the *Lewis* case, we agree with the Supreme Court's conclusion that the initial haircut requirement of Directive No. 4914 constitutes an impermissible infringement of the plaintiff's constitutional right to freely exercise his religion.

A different situation exists with respect to the initial shave requirement of Directive No. 4914. As the Supreme Court herein noted, even the plaintiff's light and wispy facial hair may be misleading for the purposes of making a subsequent identification. Indeed, this requirement has withstood constitutional challenge even under the stricter "least intrusive" alternative standard *(see, Phillips v Coughlin,* 586 F Supp 1281, 1285, *supra).* As the initial shave requirement logically advances the penological goals asserted by the defendants, and is not an exaggerated response to those objectives, the requirement does not unconstitutionally abridge the plaintiff's First Amendment rights *(see, Turner v Safley, supra).*

Finally, even if we were to afford the plaintiff greater rights under the NY Constitution *(see, Cooper v Morin,* 49 NY2d 69, *cert denied sub nom. Lombard v Cooper,* 446 US 984) those rights would not be abridged by the initial shave requirement, for the infringement of the plaintiff's religious convictions occasioned by enforcement of that requirement is outweighed by the legitimate institutional objective of the correctional facility *(see, Matter of Rivera v Smith,* 63 NY2d 501). Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.