■ In the Matter of THEODORE BAKER et al., Appellants, v

CHARLES J. SCULLY, as Superintendent of Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to prohibit certain practices at Green Haven Correctional Facility with respect to time cards of inmates employed in industry shops, the appeal is from an order and judgment (one paper) of the Supreme Court, Dutchess County (Cowhey, J.), dated July 11, 1988, which granted the respondents' motion to dismiss the amended petition.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioners, all of whom are inmates of Green Haven Correctional Facility, are employees of industry shops, which are part of Corcraft, a profit-making corporation owned and operated by the New York State Department of Correctional Services. It is the practice of industry shops to punish the misuse of time cards, for example, the punching in or out of another employee's card, or the failure to punch in or out, by deducting one half of an hour's worth of wages for an initial violation, and an increasing amount for each succeeding violation. By their amended petition, the petitioners allege that wages were improperly deducted from their salaries in that (1) the time card rules and regulations were not filed with the Secretary of State, in violation of NY Constitution, article IV, § 8, (2) the time card rules and regulations were not published, posted and personally served upon the employees, in violation of Correction Law § 138, and (3) the petitioners received no prior notice of the regulations to which they were expected to adhere or of the charges against them, and no opportunity to be heard. Typically, the inmate employee would not receive any type of notice until his third or fourth violation, and then the notice received would not indicate which regulation was violated or when the alleged violation occurred. On the respondents' motion, the Supreme Court dismissed the amended petition for failure to state a cause of action, and this appeal ensued. We affirm.

NY Constitution, article IV, § 8, in pertinent part, requires that all rules and regulations made by any State department be filed in the office of the Department of State in order to be effective. An exception to the filing requirement exists where the rule or regulation "relates to the organization or internal management of a state department" (NY Const, art IV, § 8). Given the purpose behind this provision, that is, to provide the public with a central place where rules and regulations affecting it may be examined *(see, Matter of Jones v Smith,* 64 NY2d 1003, 1006), we conclude that the regulations relating to

employees of industry shops need not be filed with the Secretary of State in order to be effective.

Similarly, the respondents did not violate Correction Law § 138 by failing to publish, post and personally serve upon the petitioners the rules and regulations regarding time card violations. That provision, by its terms, applies only to "institutional rules and regulations defining and prohibiting inmates misconduct" (Correction Law § 138 [1]). The rules and regulations the petitioners were found to have violated deal not with inmate misconduct; they deal with procedures regarding the operation of industry shops and the payment of employees. Moreover, the violation of these rules and regulations does not result in the discipline of inmates (see, Correction Law § 138 [5]); it results instead in the docking of pay from employees. Thus, Correction Law § 138 has no application in this instance.

With respect to the petitioners' due process claims, we reject their contention that they are entitled to the process afforded inmates who are the subject of disciplinary proceedings (see, 7 NYCRR part 250). As previously indicated, the petitioners are not inmates who have been disciplined; they are employees who have been docked pay for failing to comply with their employer's regulations. Moreover, there is nothing in the record to indicate that these violations will have any effect on the petitioners in their role as inmates.

Finally, we note that the review procedures outlined in the departmental memorandum dated February 2, 1988, afford the petitioners all necessary due process of law (see, Matter of Cooper v Smith, 63 NY2d 615, affg 99 AD2d 644; Matter of Burkins v Scully, 108 AD2d 743, 744; Matter of Duval v Smith, 50 AD2d 1066). We note that all violations alleged to have occurred prior to the time that the time card violations were posted and prior to October 16, 1987, have been removed from the employees' records. We would, however, caution the respondents to follow the procedures outlined in the memorandum dated February 2, 1988, and to maintain their records in such a manner that the review process will be meaningful. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.