■ In the Matter of JAMES GARDINER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Southport Correctional Facility in Chemung County, was involved in an August 30, 1990 incident which resulted in the death of another inmate. As a result, petitioner was charged in a misbehavior report with violating State-wide rules 100.10 (assault on another inmate) and 100.13 (fighting) *(see,* 7 NYCRR 270.2). Following a tier III hearing, petitioner was found guilty of both charges and punishment was imposed. After unsuccessful administrative appeal, petitioner challenged the determination in this CPLR article 78 proceeding. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Initially, we reject the contention that the hearing was not timely commenced *(see,* 7 NYCRR 251-5.1). The record establishes that on September 6, 1990, the seventh day following the incident, an extension was granted to September 7, 1990 due to the ongoing investigation of the incident. The hearing commenced on September 7, 1990 and was completed on September 11, 1990, prior to the September 12, 1990 deadline stated in the extension and within the 14-day time period set forth in 7 NYCRR 251-5.1 (b) *(see, Matter of McCoy v Leonardo,* 175 AD2d 358; *Matter of Hodges v Scully,* 141 AD2d 729). Also unavailing is the contention that petitioner was

impermissibly denied the right to produce character witnesses *(see, Matter of Lewis v Coughlin,* 172 AD2d 889; *Matter of Oliver v Kelly,* 125 AD2d 947, *lv denied* 69 NY2d 608). Finally, petitioner did not preserve his claim of bias by timely objection *(see, Matter of Dawes v Leonardo,* 167 AD2d 585) and, in any event, there is no evidence in the record of prejudice or bias on the part of the Hearing Officer or that the outcome of the hearing flowed from the alleged bias *(see, Matter of Nieves v Coughlin,* 157 AD2d 943). Petitioner's remaining contentions are either unpreserved or have been considered and rejected as lacking in merit.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.