[—— NYS2d ——]

In the Matter of BORN ALLAH, Appellant, v THOMAS A. COUGH-
LIN, III, as Commissioner of the Department of Correc-
tional Services, et al., Respondents. (Proceeding No. 1.)

In the Matter of EDWIN SANCHEZ et al., Appellants, v THOMAS
A. COUGHLIN, III, as Commissioner of the Department of
Correctional Services, et al., Respondents. (Proceeding No.
2.)

Third Department, June 24, 1993

APPEARANCES OF COUNSEL

*Prisoners' Legal Services of New York,* Buffalo *(Michael W. McCarthy* of counsel), for appellants.

*Robert Abrams, Attorney-General,* Albany *(Patrick Barnett-Mulligan* and *Peter H. Schiff* of counsel), for respondents.

## OPINION OF THE COURT

MIKOLL, J.

At issue in these proceedings is the question of whether respondent Commissioner of Correctional Services may (1) promulgate a regulation requiring a mandatory disciplinary surcharge of $5 to be assessed against an inmate after a tier II or tier III disciplinary hearing wherein an inmate is found guilty of the charge (7 NYCRR 253.7 [b]; *see,* 7 NYCRR 254.7 [b]), and (2) promulgate a regulation requiring inmates who

apply to take an examination for a high school equivalency diploma to be assessed a $25 administrative fee (7 NYCRR 719.2). The "Regulatory Impact Statement" filed in conjunction with the promulgation of the disciplinary surcharge rule indicates that it was adopted for fiscal reasons and to extend the concept of a mandatory surcharge used in the criminal justice system to prison disciplinary proceedings. The $25 administrative fee was promulgated for fiscal reasons to offset the costs of administering the high school equivalency exam.

In proceeding No. 1 petitioner Born Allah, an inmate at Shawangunk Correctional Facility in Ulster County, was found guilty after a hearing of fighting with another inmate; a penalty of 15 days in keeplock with a corresponding loss of commissary privileges was imposed, as well as a $5 disciplinary surcharge. Allah appealed the Hearing Officer's imposition of the disciplinary surcharge to the Superintendent, who affirmed the decision. This CPLR article 78 proceeding ensued seeking annulment of the imposition of the disciplinary surcharge. Allah did not otherwise challenge the administrative findings of guilt and penalties. Supreme Court dismissed the petition finding that the disciplinary surcharge is not so excessive as to constitute cruel and inhuman treatment or to implicate Allah's other rights.

In proceeding No. 2 petitioner Mitchell Harper, an inmate at Sullivan Correctional Facility in Sullivan County, also was assessed a $5 mandatory disciplinary surcharge on January 27, 1992 after being found guilty at a tier II disciplinary hearing. Petitioners Edwin Sanchez, Tyrone Jones, Anthony Morgan and William Mingues, inmates at the same institution, were informed that the disciplinary surcharge would be imposed if they were found guilty at a tier II or tier III disciplinary hearing. Sanchez and petitioner William Davis were informed that they would have to pay a $25 administrative fee in order to take the high school equivalency examination. Petitioners' challenges to both fees were dismissed. Prisoners Legal Services, on behalf of petitioners, asked the Commissioner for a declaratory ruling on the fees (see, State Administrative Procedure Act § 204). The Commissioner declared the fees proper and legal. Thereafter, petitioners commenced proceeding No. 2 seeking to annul the disciplinary surcharge and the high school equivalency examination fee. Their amended petition was dismissed by Supreme Court, which found that the imposition of the disciplinary surcharge was legally within the discretion of the Commissioner. The

$25 fee was found also to be valid and not in violation of petitioners' constitutional rights.

Petitioners, citing to Correction Law §§ 112, 137 and 138, contend that the Commissioner does not have the authority to levy a monetary penalty for disciplinary infractions at a correctional facility absent the grant of such power by the Legislature. It is urged alternatively that even if the sur-charge is within the Commissioner's broad powers, it should be deemed invalid because no guidelines have been published with the Secretary of State to assist the reviewing officer in his role of designating an offense as a tier I, tier II or tier III transgression. Petitioners also contend that their earnings and accounts are subject to the controls specified in Correction Law §§ 116, 125 and 189, which do not provide for a $5 disciplinary surcharge. Petitioners argue that the assessment of the disciplinary surcharge deprives them of property with-out due process of law and works an undue hardship.

There should be an affirmance. Correction Law §§ 112 and 137 give the Commissioner broad discretion in the implemen-tation of policies relating to fiscal control and management of correctional facilities and to security and inmate discipline *(see, Arteaga v State of New York,* 72 NY2d 212, 217-218; *Matter of Rivera v Smith,* 63 NY2d 501, 513). A court should defer to the Commissioner's interpretation of his authority as long as it is reasonably related to legitimate penological interests *(see, Overton v Coughlin,* 133 AD2d 744, 745, *appeals dismissed* 72 NY2d 838). The imposition of the $5 disciplinary surcharge is a legitimate exercise of the Commissioner's au-thority relating both to discipline and fiscal stability. The sanction, intended to partially reimburse the State for con-ducting disciplinary proceedings, is not unlike the exercise of the Commissioner's authority by regulations providing for the deduction of money from an inmate's account for restitution *(see, Matter of Baker v Wilmot,* 65 AD2d 884, *lv denied* 46 NY2d 710, *mot to dismiss appeal granted* 46 NY2d 939) or docking the pay of inmates who report late for prison jobs *(see, Matter of Baker v Scully,* 157 AD2d 719, 721).

We also find no merit to petitioners' contention that the discretion given a Hearing Officer to decide the level of the disciplinary proceeding is invalid for lack of specific guidelines *(see, Matter of Hobson v Coughlin,* 137 AD2d 940, 941). Nor can we say that the imposition of the $5 disciplinary sur-charge denies petitioners due process of law. It is imposed

only after a hearing which provides adequate due process (see, Wolff v McDonnell, 418 US 539). Neither do we find an impediment to the imposition of the disciplinary surcharge in the Correction Law provisions detailing how inmates' money is to be safeguarded. These sections deal with a separate matter unrelated to the Commissioner's authority to punish prison misbehavior by the imposition of a disciplinary surcharge.

As to the question of the legality of the imposition of a $25 high school equivalency examination fee, petitioners urge that the rule is in contravention of Correction Law § 136, which entitles inmates to an education, and in conflict with the authority of the Department of Education, which administers such exams and which has promulgated a rule dispensing with such fee for candidates incarcerated in penal institutions (8 NYCRR 100.7 [c]).*

We find that the imposition of an examination fee falls within the Commissioner's broad grant of authority to operate the prison system, including fiscal management (Correction Law § 112 [1]). To the extent that 7 NYCRR 719.2 conflicts with rules promulgated by the Commissioner of Education, the rule-making authority of the Commissioner must prevail in that he has the sole discretion to regulate education within the prison system (see, Correction Law § 136). The Commissioner is obligated to provide a program of education for inmates geared to meet the objectives set out in Correction Law § 136, that is, to assist in the return of the inmate to society as a wholesome and good citizen (see, Lane v Reid, 575 F Supp 37). The statute does not entitle petitioners to any specific education or the right to take a high school equivalency exam free of charge.

The other arguments raised by petitioners as to disparate treatment have not been sufficiently demonstrated and we decline to address them.

WEISS, P. J., YESAWICH JR., LEVINE and MERCURE, JJ., concur.

Ordered that the judgments are affirmed, without costs.

---

* Under rules promulgated by the Commissioner, inmates under age 21 need not pay the fee. Inmates without funds may take the exam and can satisfy the debt by encumbrances on their inmate accounts (7 NYCRR 719.2 [b]).