■ In the Matter of THOMAS NARDI, Respondent, v E. S. LeFevre, as Superintendent of Franklin Correctional Facility, et al., Appellants. [652 NYS2d 133] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered November 20, 1995 in Franklin County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondents to release petitioner's inmate account to the extent it is encumbered by restitution ordered by the sentencing court.

Convicted of the crime of grand larceny in the third degree, petitioner was sentenced to a prison term of 2 to 7 years and ordered to pay restitution in the amount of $4,042.50, as well as a mandatory surcharge of $155. He was incarcerated in Franklin Correctional Facility in Franklin County, and his inmate account was thereafter encumbered for the purpose of satisfying the court-ordered restitution. Petitioner filed a grievance challenging the encumbrance, respondents' denial of which prompted him to commence this CPLR article 78 proceeding. Supreme Court granted the petition, in part, and directed respondents to remove the encumbrance; respondents have appealed.

Supreme Court concluded that respondents have no power to encumber petitioner's inmate account because there is no statutory or regulatory provision specifically authorizing such action. It is settled law, however, that the Commissioner of Correctional Services has "broad discretion in the implementation of policies relating to fiscal control and management of correctional facilities and to security and inmate discipline" (Matter of Allah v Coughlin, 190 AD2d 233, 236, lv denied 82 NY2d 659) and, concomitantly, that his interpretation of the scope of that authority is entitled to deference "as long as it is reasonably related to legitimate penological interests" (supra, at 236). The upshot of this is that the courts have held that the Commissioner, notwithstanding the lack of explicit statutory or regulatory authorization, may surcharge the accounts of inmates who have been found guilty of prison disciplinary violations (see, supra), may impose restitution upon inmates who have lost or destroyed State property and deduct it from their accounts (see, Matter of Baker v Wilmot, 65 AD2d 884, lv denied 46 NY2d 710, appeal dismissed 46 NY2d 939), and may dock the pay of inmates who fail to comply with regulations governing prison jobs (see, Matter of Baker v Scully, 157 AD2d 719).

The encumbrance of petitioner's inmate account for the purpose of satisfying a court-ordered restitution obligation manifestly serves a legitimate penological goal, and is consonant with the Commissioner's broad power to manage the fiscal affairs of correctional facilities (see, Correction Law § 112), his specific power to maintain inmate accounts (see, Correction Law § 116) and his inherent power to implement sentences imposed by the courts. Therefore, we conclude that respondents were authorized to take the action challenged herein and that Supreme Court erred in finding otherwise.*

Mikoll, J. P., Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.

* While petitioner may be correct in his assertion that the encumbrance should not have been imposed until January 15, 1996, the date he was ordered by the court to make restitution payments, that date has now passed, rendering the issue moot and undeserving of further discussion.