■ In the Matter of IAN DAWES, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Program, Respondent. (Appeal No. 1.) [673 NYS2d 1024] —Proceeding unanimously dismissed without costs as moot (*see, Matter of Gonzalez v Jones*, 115 AD2d 849). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.

■ In the Matter of IAN DAWES, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Program, Respondent. (Appeal No. 2.) [— NYS2d —] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Contrary to the contention of petitioner, the determination that he violated inmate rules 113.10 (7 NYCRR 270.2 [B] [14] [i] [possession of contraband]) and 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]) is supported by substantial evidence (*see, Matter of Mabery v Coughlin*, 168 AD2d 879, *lv denied* 77 NY2d 808; *Matter of Shakoor v Coughlin*, 165 AD2d 917, 918, *appeal dismissed* 77 NY2d 866). Petitioner was not denied his right to present evidence in support of his defense; he failed to show that the documentary evidence and testimony he sought to present at the hearing were relevant to the charges against him (*see, Matter of Hendricks v Scully*, 206 AD2d 427). Further, even assuming, arguendo, that petitioner exhausted his administrative remedies with re-

spect to his contention that he was denied his right to an impartial Hearing Officer (see, Matter of Nelson v Coughlin, 188 AD2d 1071, appeal dismissed 81 NY2d 834), there is no evidence in the record that the Hearing Officer was biased or that the determination flowed from the alleged bias (see, Matter of Rosa v Coombe, 238 AD2d 814; Matter of Gardiner v Coughlin, 190 AD2d 962, 963, lv denied 81 NY2d 710). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.