■ In the Matter of BENJAMIN SEEGARS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [665 NYS2d 110] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules which prohibit making threats and soliciting goods from any person other than immediate family members without prior authorization. The misbehavior report alleged that on August 9, 1996 petitioner wrote a letter to Lula Christmon requesting money and threatening an unidentified third person if he did not receive the money. A copy of the letter was attached to the misbehavior report. Following an administrative hearing, petitioner was found guilty of all charges. This proceeding ensued.

Initially, we are unpersuaded by petitioner's assertion that the misbehavior report did not comply with the regulatory requirements because it failed to state, *inter alia*, the time that the incident occurred and place that the letter was written (*see*, 7 NYCRR 251-3.1 [c] [3]). The detailed misbehavior report sufficiently apprised petitioner of the charges against him and afforded him the opportunity to prepare a defense (*see generally*, *Matter of Torres v Coombe*, 234 AD2d 710). Equally unavailing is petitioner's contention that the Hearing Officer lacked authority to conduct the hearing inasmuch as the Hearing Officer noted at the commencement of the hearing that he had been designated in accordance with 7 NYCRR 254.1 to conduct the administrative hearing (*see generally*, *Matter of Howard v Colon*, 206 AD2d 583, *lv denied* 84 NY2d 808).

The misbehavior report and the testimony presented at the hearing, together with the letter, the envelope bearing a return address with petitioner's name and the money orders from Christmon to petitioner, were "sufficiently relevant and probative" to support the determination of petitioner's guilt (*Matter of Perez v Wilmot*, 67 NY2d 615, 616-617). The conflicting testimony presented by petitioner claiming that the letter was part of an elaborate setup created a credibility issue for the Hearing Officer to resolve (*see, e.g.*, *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868, 869).

To the extent that petitioner claims that the Hearing Officer was biased, even if petitioner preserved this issue for our review (*see*, *Matter of Gardiner v Coughlin*, 190 AD2d 962, 963, *lv denied* 81 NY2d 710), we would find such issue to be without

merit. Even if the Hearing Officer obtained the money order receipts for use at the hearing and made them part of the record, we find that such "tangential involvement in the matter did not disqualify him from acting as Hearing Officer" (*Matter of Cowart v Coughlin*, 193 AD2d 887, 888; *see*, 7 NYCRR 254.1). Nor would we find that the outcome of the hearing flowed from any alleged bias (*see*, *Matter of Rosa v Coombe*, 238 AD2d 814, *appeal dismissed* 90 NY2d 900).

Finally, we do not find that respondent abused his discretion in imposing the $350 restitution fee, which was the total amount of the money orders from Christmon to petitioner, inasmuch as it was "reasonably related to [a] legitimate penological interest[ ]" (*Matter of Allah v Coughlin*, 190 AD2d 233, 236, *lv denied* 82 NY2d 659; *see*, *Matter of Wood v Murphy*, 238 AD2d 665; *Matter of Nardi v LeFevre*, 235 AD2d 602, *lv denied* 89 NY2d 817). Petitioner's remaining contentions, including his claim that he was denied evidence, have been reviewed and are found to be unpersuasive.

Cardona, P. J., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.