■ In the Matter of CLYDE DOGGETT, Petitioner, v GLENN GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [675 NYS2d 714] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Following a tier II disciplinary hearing, petitioner was found guilty of violating a prison disciplinary rule prohibiting inmates from refusing program assignments. In connection therewith, a $5 mandatory disciplinary surcharge was imposed upon petitioner. Inasmuch as it has been held that the assessment of a mandatory penalty surcharge does not violate an inmate's due process rights (see, Matter of Allah v Coughlin, 190 AD2d 233, 236, lv denied 82 NY2d 659; see also, Matter of Faison v Stinson, 221 AD2d 746, 747), we reject petitioner's claim that the imposition of the surcharge is unconstitutional. Correction Law §§ 112 and 137 vest respondent Commissioner of Correctional Services with discretion to impose such a surcharge (see, Matter of Allah v Coughlin, supra, at 236).

In addition, insofar as the record discloses that the Hearing

Officer was a Correction Lieutenant, we find no merit to petitioner's claim that an inappropriate official presided over the disciplinary hearing (*see*, 7 NYCRR 253.1 [a]). Lastly, we note that the misbehavior report, together with the testimony adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see*, *Matter of Kelly v Goord*, 251 AD2d 803). We have considered petitioner's remaining contentions and find them to be unavailing.

Cardona, P. J., Mikoll, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.