■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN MARONE, Appellant. [891 NYS2d 509]—

---

Spain, J. 

Defendant was charged in a 26-count indictment with multiple crimes after engaging in a phony investment scheme and defrauding friends and associates of millions of dollars. He pleaded guilty to scheme to defraud in the first degree and two counts of grand larceny in the first degree, was sentenced to a prison term, ordered to pay restitution in the amount of $4,669,458.77 and, later, unsuccessfully appealed his judgment of conviction (*People v Marone*, 36 AD3d 956 [2007], *lv denied* 8 NY3d 987 [2007]).

On the civil side, the victims of defendant's crimes obtained a default judgment against defendant and were awarded $4,748,165.11 in compensatory damages (*see Barone v Marone*, 2007 WL 4458118, 2007 US Dist LEXIS 92350 [SD NY, 04 Civ 2001, Buchwald, J., 2007]). Additionally, the victims filed a claim with the National Association of Securities Dealers seeking arbitration of several causes of action, including respondeat superior liability for intentional torts committed by an employee asserted against defendant's employers Carlin Equities Corporation and Generic Trading, Philadelphia, LLC (*see id.*). Carlin, Generic and the victims executed a mutual general release and settlement agreement (hereinafter the agreement) wherein Carlin agreed to pay in a lump sum $3,310,000 in consideration of a full and final resolution of all proceedings between the parties (*see id.*). District Court then vacated its default judgment against defendant finding that the general release was sufficiently broad to discharge defendant of civil liability.

Thereafter, defendant moved, pursuant to CPLR 5015 (a), to vacate the criminal restitution order. The People conceded that the order should be offset by the amount of the civil settlement (*see People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]), but opposed a complete vacatur. County Court held that the victims' release of their civil claims against defendant did not encompass the criminal penalty and, thus, reduced the original restitution amount by the civil settlement, leaving a reduced restitution obligation of $1,359,458.77. Defendant appeals and we affirm.

Relying on basic contract principles, defendant asserts that the express language of the agreement operates as a full and final satisfaction and release of his entire criminal restitution obligation.* Regardless of the broad scope of the agreement's language, we hold that this agreement between defendant's employers and his victims cannot operate to forgive his obligation to pay the restitution amount that remains unsatisfied after the civil settlement.

In New York, the purpose of imposing restitution in criminal cases is broader than compensating the victim for a loss; it serves the dual "purposes of easing the victim's financial burden while reinforcing the offender's sense of responsibility for the offense and providing a constructive opportunity for the offender to pay his or her debt to society" (*People v Horne*, 97 NY2d 404, 411 [2002]; *see* Assembly Sponsor's Mem, 1983 NY Legis Ann, at 172). Indeed, the Court of Appeals has observed that "restitution is recognized as an effective rehabilitative penalty because it forces defendants to confront concretely— and take responsibility for—the harm they have inflicted, and it appears to offer a greater potential for deterrence" (*People v Hall-Wilson*, 69 NY2d 154, 157 [1987]; *see Kelly v Robinson*, 479 US 36, 52 [1986]; *People v Horne*, 97 NY2d at 411). Although we have not previously decided this issue, other jurisdictions are in agreement that a victim's willingness to settle a civil action cannot operate to foreclose the state's interest in restitution in a criminal matter (*see United States v Brennan*, 526 F Supp 2d 378, 390-391 [ED NY 2007] [and cases discussed therein]; *Kirby v State*, 863 So 2d 238, 243-244, 28 Fla L Wkly S751 [2003] [and cases cited therein]; *State v Applegate*, 266 Kan 1072, 1073-1080, 976 P2d 936, 938-941 [1999]).

Mercure, J.P., Rose, Kane and Garry, JJ., concur. Ordered that the amended order is affirmed.

---

* Specifically, defendant relies on the language of the agreement that releases Carlin, Generic and "their present and former representatives, agents, attorney [and agents] . . . from all manner of actions, suits . . . causes of action, in law or in equity . . . and from all direct or indirect debts, . . . judgments . . . [and] liabilities."