Garry, J.
Appeal from a judgment of the Supreme Court (Cahill, J.), entered May 12, 2010 in Ulster County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner, a prison inmate, filed a grievance contending that the Department of Corrections and Community Supervision is improperly deducting restitution payments from funds he *1111 receives from outside sources, as his 1999 restitution order directs that restitution payments be deducted “from prison wages.” The grievance was ultimately denied by the Central Office Review Committee (hereinafter CORC), and petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition finding that the grievance was untimely commenced. This appeal ensued.
As CORC did not address the issue of timeliness, and the determination only became final and binding upon petitioner following CORC’s denial, the inquiry as to timeliness is limited to the CPLR article 78 proceeding. This proceeding was timely commenced within four months after CORC’s determination (see CPLR 217; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194-195 [2007]; Matter of Harvey v Bradt, 91 AD3d 1222 [2012]). Turning to the merits, we have previously held that respondent is empowered to encumber inmate accounts for the purpose of satisfying court ordered restitution payments, as this “manifestly serves a legitimate penological goal, and is consonant with [respondent’s] broad power[s]” (Matter of Nardi v LeFevre, 235 AD2d 602, 603 [1997], lv denied 89 NY2d 817 [1997]). Here, respondent has been collecting funds from petitioner’s account in accord with the provisions of Department of Correctional Services Directive No. 2788, i.e., 20% of his payroll receipts and 50% of his outside receipts.
Petitioner essentially argues that the terms of the court order should be narrowly construed, such that the provision directing restitution “to be ded. [sic] from prison wages” would restrict collection from any other sources, and thus prohibit the collection from outside receipts. This interpretation is inconsistent with the established policy encouraging restitution to crime victims “to the extent that the defendant is reasonably able to do so” (L 1983, ch 397, § 1; see generally Penal Law § 60.27; see also People v Marone, 68 AD3d 1443, 1445 [2009], lv denied 14 NY3d 711 [2010]). Respondent’s interpretation of the terms of the order is not unreasonable, and we do not find the “determination [to be] irrational, arbitrary and capricious or affected by an error of law” (Matter of Abreu v Fischer, 87 AD3d 1213, 1213 [2011]). Finally, we note that petitioner is not without remedy if he is unable to pay (see CPL 420.10 [5]).
Rose, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.