People v Marone (2022 NY Slip Op 01070)





People v Marone


2022 NY Slip Op 01070


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

110546 112467
[*1]The People of the State of New York, Respondent,
v
Franklin Marone, Appellant.

Calendar Date:January 5, 2022

Before:Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ.

Bruce Evans Knoll, Albany, for appellant.
Letitia James, Attorney General, New York City (James F. Gibbons of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Greene County (Wilhelm, J.), rendered June 21, 2018, which resentenced defendant following his conviction of the crimes of grand larceny in the first degree (two counts) and (2) by permission, from an order of said court, entered September 3, 2020, which denied defendant's motion pursuant to CPL article 440 to, among other things, set aside the resentence, without a hearing.
In 2004, defendant pleaded guilty to two counts of grand larceny in the first degree and one count of scheme to defraud in the first degree arising out of an investment scheme orchestrated by defendant to defraud numerous friends and associates of nearly $5 million. Defendant was sentenced to concurrent prison terms of 6 to 18 years on each grand larceny conviction and 1&frac13; to 4 years on the scheme to defraud conviction and was ordered to pay restitution to the victims in the sum of $4,669,458.77.[FN1] In 2006, defendant's former employer and the victims reached a settlement agreement wherein the former employer agreed to pay $3,310,000 to the victims; accordingly, in 2008, the amount of defendant's restitution obligation was reduced to $1,359,458.77.
In 2010, defendant was released from prison and paroled by the Division of Parole. A condition of his parole mandated that defendant comply with all court orders, specifically "including those ordering . . . restitution." In March 2012, defendant was discharged from parole supervision. In September 2012, County Court issued a notice of appearance to defendant to address restitution. In 2013, the court directed defendant to make monthly payments of $300 toward the debt. In 2014, County Court increased defendant's monthly payment to $500. The Greene County Probation Department periodically sent the court updates [FN2] on defendant's compliance, or lack thereof, with his restitution payment schedule, and the court periodically scheduled conferences to discuss this issue with defendant. Defendant personally appeared at some of these conferences, but begged off on more than one occasion, often blaming his role as the sole caregiver for his infirm, elderly mother.
In 2017, amidst ongoing concerns with regard to defendant's lack of payment toward his restitution, County Court directed that defendant submit an updated financial disclosure affidavit. Defendant complied, filing both an original affidavit and then an amended affidavit in July 2017 and August 2017, respectively. Based on the contents of these affidavits, defendant was indicted in January 2018 with two counts of offering a false instrument for filing in the first degree and two counts of perjury in the third degree. At the arraignment for that indictment, it was disclosed that defendant also had several felony charges pending against him in Queens County based on his alleged theft of monies from his mother.
In June 2018, County Court held a hearing to determine whether defendant's failure to pay restitution was willful[*2], during which investigators with the Office of the Attorney General testified that defendant had misappropriated his mother's money and used it to purchase luxury items and services for himself and his family. At the conclusion of the hearing, County Court found that defendant had willfully violated the restitution order. Shortly thereafter, defendant entered into a global agreement pursuant to which the January 2018 Greene County indictment was resolved and defendant was to be resentenced on his 2004 convictions of grand larceny in the first degree.[FN3] With respect to those 2004 convictions, County Court resentenced defendant to concurrent prison terms of 8&frac13; to 25 years, with credit for time served. Defendant appeals from the judgment resentencing him.[FN4] Thereafter, defendant moved pursuant to CPL article 440 to, among other things, vacate the resentence. County Court denied the motion without a hearing. Defendant also appeals, by permission, from the order denying his CPLR article 440 motion.
Initially, defendant contends that County Court lacked jurisdiction to resentence him on his 2004 convictions of grand larceny in the first degree or otherwise impose a period of imprisonment for his failure to pay restitution.[FN5] A criminal action terminates with the imposition of a sentence (see CPL 1.20 [16] [c]). A criminal proceeding "occurs in a criminal court and is related to a prospective, pending or completed criminal action" (CPL 1.20 [18] [b]). Once a defendant has been sentenced, the court does not retain jurisdiction over a concluded criminal action except as authorized by statute.
CPL 420.10 (3) provides that, when a court imposes restitution as part of a defendant's sentence, the court can imprison the defendant if he or she fails to pay restitution; such provision authorizing imprisonment for failure to pay restitution can be set forth at the time of sentencing or may be added "at any later date while the . . . restitution . . . or any part thereof remains unpaid" (CPL 420.10 [3]). Although County Court therefore retained jurisdiction under the auspices of this statute, it erred in resentencing defendant pursuant to CPL 420.10 (5). As relevant here, CPL 420.10 (5) provides that, "[i]n any case where the defendant is unable to pay a fine, restitution or reparation imposed by the court, he [or she] may at any time apply to the court for resentence." Resentencing is authorized "if the court is satisfied that the defendant is unable to pay the fine, restitution or reparation" (CPL 420.10 [5]). Here, there was no finding by the court that defendant was unable to pay the restitution due to indigency (see Bearden v Georgia, 461 US 660, 672-673 [1983]). Further, despite the People's urging, we refuse to equate defendant's acceptance of the global agreement with the application necessary to resentence him under CPL 420.10 (5) (see People v Amorosi, 96 NY2d 180, 184 [2001]).[FN6] County Court could have sentenced defendant to a year in prison [*3]for his failure to pay under CPL 420.10 (3) and (4), but it did not. As it erred in utilizing CPL 420.10 (5), the resentence must be vacated. Defendant's remaining contentions are academic in light of our determination.
Egan Jr., J.P., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment and order are reversed, on the law, resentence vacated, motion to vacate the sentence granted and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: A judgment and order of restitution entered in the Greene County Clerk's office on September 14, 2004 directed that the Greene County Probation Department collect the restitution and that defendant pay a 5% surcharge to that department for all monies collected. Additionally, an order directing restitution directed payment on or before September 14, 2014.

Footnote 2: The updates were written by the Probation Department in its role as the collection agency for defendant's restitution.

Footnote 3: The agreement took into consideration defendant's failure to pay restitution, as well as an indictment in Queens County charging him with various crimes related to the misappropriation of his mother's money.

Footnote 4: In June 2018, County Court also issued an amended order continuing the payment of restitution and directing it be paid in the sum of $500 per month upon defendant's release from prison.

Footnote 5: As defendant's claim "implicates the legality of the sentence imposed," it is not precluded by the appeal waiver that he executed at his resentencing (People v White, 172 AD3d 1822, 1823 [2019] [internal quotation marks and citation omitted], lv denied 33 NY3d 1110 [2019]; see People v Hernandez, 188 AD3d 1357, 1358 [2020], lv denied 36 NY3d 1057 [2021]).

Footnote 6: County Court specifically found in its June 2018 amended order (note 4, supra) that defendant did not ask to be resentenced but, instead, that he agreed to pay different monthly amounts.