People v Marone (2022 NY Slip Op 03543)





People v Marone


2022 NY Slip Op 03543


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

110547 112651
[*1]The People of the State of New York, Respondent,
v
Franklin Marone, Appellant.

Calendar Date:April 21, 2022

Before:Lynch, J.P., Clark, Pritzker, Colangelo and McShan, JJ.

Bruce Evans Knoll, Albany, for appellant.
Letitia James, Attorney General, New York City (James F. Gibbons of counsel), for respondent.



Lynch, J.P.
Appeals (1) from a judgment of the County Court of Greene County (Wilhelm, J.), rendered July 17, 2018, convicting defendant upon his plea of guilty of the crimes of offering a false instrument for filing in the first degree (two counts) and perjury in the third degree (two counts), and (2) by permission, from an order of said court, entered January 23, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
The background for this appeal, which began with defendant's conviction in 2004 on two counts of grand larceny in the first degree and one count of scheme to defraud in the first degree based upon a fraudulent investment scheme, is detailed in several prior decisions of this Court (People v Marone, 202 AD3d 1290 [2022]; People v Marone, 72 AD3d 1348 [2010]; People v Marone, 68 AD3d 1443 [2009], lv denied 14 NY3d 711 [2010]; People v Marone, 36 AD3d 956 [2007], lv denied 8 NY3d 987 [2007]). As part of his original sentence, defendant was ordered to pay restitution in the amount of $4,669,458.77, which was later reduced to $1,359,458.77 following a civil settlement with defendant's former employer. At County Court's directive, defendant submitted an updated financial disclosure affidavit in July 2017, and an amended affidavit in August 2017, pertaining to his ability to pay. Based on representations made in the affidavits, defendant was indicted in January 2018 on two counts of offering a false instrument for filing in the first degree and two counts of perjury in the third degree.
At the conclusion of a hearing in June 2018 regarding defendant's outstanding restitution obligation, County Court found that defendant had willfully violated the restitution order. Ten days later, defendant entered into what was characterized on the record as a global resolution, by which he pleaded guilty to all four counts of the January 2018 indictment and was ultimately sentenced, as a second felony offender, to concurrent prison terms of 2 to 4 years on each offering a false instrument conviction, and lesser concurrent terms on the perjury convictions. These sentences were to run consecutively with defendant's resentencing on his 2004 convictions to concurrent prison terms of 8&frac13; to 25 years, with credit for time served. Defendant signed a written appeal waiver purporting to waive his right to appeal. Separately, defendant also pleaded guilty to various larceny related charges for having stolen money from his mother in Queens County, for which he was sentenced to a prison term of 2 to 4 years to be served concurrently with the 2004 resentence.
In January 2021, County Court denied defendant's CPL 440.10 motion to vacate the 2018 judgment of conviction, without a hearing. Defendant appeals from the July 2018 judgment of conviction and, by permission, the denial of his CPL 440.10 motion.
We agree with defendant that his appeal waiver is invalid. During the global plea proceeding, defendant [*2]separately waived his right to appeal with respect to the 2018 indictment and then the 2004 resentencing. During the oral colloquy on the 2018 indictment, County Court first advised defendant that the plea required him "to waive [his] right to appeal [his] conviction, [his] sentence and all appealable issues other than those that survive a waiver of appeal." Defendant acknowledged that he understood. That instruction, however, was immediately followed by the court's explanation that the "effect of this waiver of the right to appeal is the legal equiv[a]lent of you having appealed to an [a]ppellate [c]ourt and that [c]ourt having affirmed or approved of the rulings of this [c]ourt as well as your conviction." This language suggests an absolute bar to appellate review and no further explanation was provided (see People v Thomas, 34 NY3d 545, 565-566 [2019]). Defendant was given a written waiver to sign in open court and his attorney stated that defendant signed the waiver. The court made no inquiry of defendant with respect to the written waiver, which, in any event, did not contain language alleviating the court's misleading verbal explanation. Moreover, no explanation was given that the appeal waiver was separate and distinct from the rights forfeited upon a guilty plea. As such, we conclude that the appeal waiver was invalid (see People v Gamble, 190 AD3d 1022, 1023-1024 [2021], lv denied 36 NY3d 1097 [2021]).
In our most recent decision, which addressed defendant's appeal from the 2004 resentencing component of the global plea agreement described above, we rejected defendant's argument that County Court lacked jurisdiction to resentence him on the 2004 convictions (People v Marone, 202 AD3d at 1292). Nonetheless, we concluded that County Court erred in resentencing defendant pursuant to CPL 420.10 (5), vacated the 2004 resentence and remitted the matter to County Court for further proceedings (id.).
With respect to the proceedings on the 2018 indictment, we reject defendant's contention that the Attorney General lacked jurisdiction to investigate and prosecute this matter. Under Executive Law § 63 (3), the Attorney General has jurisdiction to investigate and prosecute criminal activity that falls within the statutory or regulatory authority of certain state officers making a request for such intervention (see People v Cuttita, 7 NY3d 500, 507 [2006]). Here, by letter dated September 14, 2017, the Superintendent of State Police specifically requested that the Attorney General investigate defendant's submission of the July 2017 financial affidavit to the Greene County Court. That request was made in conjunction with an ongoing investigation by the State Police Financial Crimes Unit, which included defendant's asserted misuse of his mother's funds that eventually led to the Queens County indictment. Under Executive Law § 63 (3), an investigation request may be made to the Attorney General by, among others, "the head of any other department[*3], authority, division or agency of the state, . . . [regarding] the alleged commission of any indictable offense or offenses in violation of the law which the officer making the request is especially required to execute or in relation to any matters connected with such department." In our view, the Superintendent's request falls within the embrace of this provision (see People v Rogers, 157 AD3d 1001, 1002 [2018], lv denied 30 NY3d 1119 [2018]). Correspondingly, the Attorney General had jurisdiction to investigate and prosecute the crimes contained in the 2018 indictment.
Defendant's claim that County Court violated his Fifth Amendment privilege against self-incrimination by ordering him to provide an updated financial disclosure affidavit is unpreserved and, in any event, without merit. The Court's June 2017 directive came as part of its continuing oversight of defendant's progress in making the required restitution payments (see People v Marone, 202 AD3d at 1290-1291). The record shows that the Attorney General's office emailed a blank affidavit to defendant's attorney, for defendant to complete and return for submission to County Court and the Greene County Probation Department. Defendant complied without raising any objections in advance of signing it or even during the plea proceedings. The order did not state, nor could it, that defendant would be penalized or held in contempt for invoking his Fifth Amendment rights (see Minnesota v Murphy, 465 US 420, 434-436 [1984]; United States v Wong, 431 US 174, 178 [1977]). Having failed to invoke his Fifth Amendment privilege, defendant's current challenge is unavailing (see Minnesota v Murphy, 465 US at 434-436).
In view of this Court's recent determination vacating the 2004 resentencing component of the global plea agreement (People v Marone, 202 AD3d at 1292-1293), defendant maintains that his plea could not have been knowingly, intelligently and voluntarily made and must be vacated.[FN1] The point is well taken and, because we have also determined — as set forth below — that defendant's plea failed to establish all the elements necessary to sustain his plea to the perjury charges, we conclude that the plea must be vacated.
Turning to the perjury convictions, we conclude that defendant is entitled to challenge the plea because he made statements during the colloquy that negated an essential element of the crime (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Aponte, 190 AD3d 1031, 1032 [2021], lvs denied 37 NY3d 953, 959, 960 [2021]). "A person is guilty of perjury in the third degree when he [or she] swears falsely" (Penal Law § 210.05). "A person 'swears falsely' when he [or she] intentionally makes a false statement which he [or she] does not believe to be true . . . under oath in a subscribed written instrument" (Penal Law § 210.00 [5]). An "'[o]ath' includes an affirmation and every other mode authorized by law of attesting to the truth of that which is stated" (Penal Law[*4]§ 210.00 [1]). The document in question was captioned as an "Affidavit of Financial Information." The preamble begins with the representation that defendant, "being duly sworn, deposes and says the following under penalty of perjury." The following statement is included above defendant's signature: "I have carefully read the foregoing statements contained in this Affidavit of Financial Information. They are true and correct." The document includes defendant's signature and a jurat completed by defendant's attorney in July 2017 (see Penal Law § 210.00 [6], [7]). The same is true for the amended affidavit signed in August 2017.
During the plea allocution, defendant explained that he received the affidavit from his attorney by e-mail "and then [he] filled it out on e-mail as well and sent it right back to him." No statement was made that the attorney actually administered an oath to defendant before he signed the affidavits. Given defendant's limited explanation of the affidavit sequence, County Court was obligated to further inquire as to the oath element before accepting the plea (see People v McNair, 13 NY3d 821, 822 [2009]; People v Lopez, 71 NY2d at 666-668; People v Jimenez, 110 AD3d 740, 741 [2013]). The court failed to do so and, as a result, the record merely demonstrates that defendant filed an unsworn document, negating an essential element of the crime of perjury (see People v McAndris, 300 AD2d 1, 1-2 [2002], lv denied 99 NY2d 630 [2003]; People v Grier, 42 AD2d 803, 803 [1973]). We find the Attorney General's counter argument that the document constitutes an affirmation unavailing, for it did not contain a statutorily authorized notice that false statements were punishable by law (see Penal Law § 210.45; see also CPLR 2106; compare People v Sullivan, 56 NY2d 378, 382-384 [1982]; People v Taylor, 44 AD3d 1159, 1161 [2007], lv denied 9 NY3d 1039 [2008]). Moreover, since the global plea agreement required defendant to plead guilty to the entire 2018 indictment, and neither the People nor the court consented to a partial plea, defendant's remaining convictions of offering a false instrument must also be vacated (see CPL 220.10 [2], [4]). Overall, given the invalidation of defendant's perjury plea and the vacatur of the 2004 resentencing, we agree with defendant that he did not knowingly, voluntarily and intelligently enter into this global plea agreement. Having so concluded, defendant's remaining contentions on his appeal from the judgment of conviction, as well as his appeal from the order denying his CPL 440.10 motion, are academic.
Clark, Pritzker, Colangelo and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the order is dismissed, as academic.



Footnotes

Footnote 1: Defendant expressly made this argument during oral argument and was entitled to do so given that our February 2022 decision was issued after the appellate briefs had been filed.