Matter of Keitt v Bezio
2026 NY Slip Op 04023
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Devin Keitt, Petitioner,
v
K. Bezio, as Captain at Clinton Correctional Facility, Respondent.

Decided and Entered:June 25, 2026
CV-25-1616
Calendar Date: May 22, 2026
Before: Clark, J.P., Aarons, Ceresia, Fisher And Powers, JJ.

Devin Keitt, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

[*1]
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, among other things, review a determination of the Superintendent of Clinton Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Petitioner, an incarcerated individual, was charged in a misbehavior report with refusing a direct order and violating program committee procedures. The misbehavior report alleged that petitioner was called out to attend a mandatory school program and that, in the ensuing discussion with a supervisor about how to sign out of the program and renew an academic waiver he had obtained at another prison, he stated his view that his placement in the program was "harassment" and refused to return to class. Following a tier II disciplinary hearing, he was found guilty of violating program committee procedures. The determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and the evidence presented at the hearing, which included petitioner's testimony that he wanted to remove himself from the academic program and ended up not returning to class, constitute substantial evidence to support the determination of guilt (see Matter of Doggett v Goord, 252 AD2d 867, 868 [3d Dept 1998]; Matter of Mitchell v Coughlin, 219 AD2d 749, 750 [3d Dept 1995]). Petitioner's denial that he refused to return to the class raised a credibility issue that the Hearing Officer was free to resolve against him (see Matter of Washington v Annucci, 160 AD3d 1248, 1248 [3d Dept 2018]). His further suggestion that the misbehavior report was authored in retaliation for a complaint he filed is unpreserved because it was not raised at the hearing (see Matter of Simpson v Jordan, 235 AD3d 1223, 1224 [3d Dept 2025]). Petitioner has served his penalty — which amounted to his removal from the academic program he did not want to attend, as well as the loss of tablet and commissary privileges for 30 days, and did not involve a loss of good time — and his challenges to it are therefore moot (see id.).
Finally, a review of the petition suggests that petitioner seeks to challenge a determination by the Time Allowance Committee that apparently withheld good time as a result of his failure to complete programming. In the absence of any indication that he exhausted his administrative remedies by filing a grievance regarding that determination, however, he cannot obtain judicial review thereof (see 7 NYCRR 701.2 [a]; Matter of Farrell v Annucci, 155 AD3d 1197, 1198 [3d Dept 2017]). Petitioner's remaining contentions, to the limited extent that they are properly before us, have been examined and are lacking in merit.
Clark, J.P., Aarons, Ceresia, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.